Allread, J.
This action was brought to obtain a construction of the will of John Shock. The material parts of the will are as follows:
“Item 1. I hereby devise and bequeath unto my beloved wife, Amanda Shock, all the real estate of which I may die seized to be hers for and during her natural life, and at her death, I desire that my executor hereinafter named shall proceed to sell my said real estate under the order of the Probate Court, legally obtained, and that he divide the proceeds of such sale equally among the following named persons to-wit: Elizabeth Shock Weaver, Frank Shock, Harvey Shock and Wilbert Shock — they being my children — all my children except Flora Shock Hern, and I desire that my said children above named and to whom I have given the proceeds of my said real *568 estate as set forth above shall give to my said daughter, Flora Shock Plern, the sum of One Hundred Dollars, the same to be her full share and interest in all my estate.
“Item 2. I give and bequeath unto my said wife all my personal estate to be hers absolutely. And it is my further will that, should my personal estate and the income from said realty 'be not sufficient to keep, my said wife after my decease,in a comfortable manner, then that my said real estate may be sold in whole or in part as my said executor may deem advisable, and the proceeds from such sale be turned over to my said wife as she may need it for her comfortable support. ’ ’
After the execution of the will and before the death of the testator, the wife of the testator died and the legacy provided for her benefit in Item 2 of the will lapsed. The chief question arises as to the disposition of the personalty. It is contended on behalf of the executor and the heirs exclusive of Flora Shock Hern that the personalty as well as the realty was intended by the will to go to • the children exclusive of Flora Shock Iiern; and that Flora Shock Hern was to be disinherited as to all of the estate of the testator • except the $100 mentioned
Counsel representing each side of the controversy have presented unusually exhaustive and able briefs. We have also been furnished with-a copy of the opinions of the trial court which contains a careful and fair annalysis of the ease at bar and a full review of the authorities from our own as well as other jurisdictions.
We think that by an almost unbroken line of decisions beginning in the common law and recognized and followed in most of the states including our own it is established that property undisposed of by a testator descends to the heirs and distributees under the statute of descents and distribution, and the right of an heir to inherit property not disposed of by the will is not affected by a clause in the will attempting to disinherit him. This doctrine was established in the ease of Crane v. Doty, 1 O. S., 279, in which the following syllabi are announced:
*569 “A testator can not, by any words of exclusion used in his will, disinherit one of his lawful heirs, in respect to property not disposed of by his will.
“Such words can not be used to.control the course of descent, so as to carry the property to his other heirs.
“They can not be used to raise an estate by implication in favor of his other heirs; there being no attempt in the will to dispose of the property or to create any interest therein.”
The opinion in this ease was written by Judge Ranney and contains a full review of the authorities in England and this country.
It was there contended as it is in the case at bar that the English doctrine is contrary to the reason and spirit of our own laws and rules of inheritance. This argument was overruled by Judge Ranney and the English doctrine approved., We think the doctrine of the Crane v. Doty case is too firmly established in this state to permit its being questioned. See Mathews v. Krisher, 59 O. S., 574.
It is argued that the Crane v. Doty ease does not apply to the case at bar, for the reason that in that case the property which the heirs took was not mentioned in the will while in the case at bar the testator made a disposition of all his property including the property -in controversy, and that upon the face of the will the intention, would appear to exclude the heir in disfavor from any share in the whole estate.
We think, however, that the same rule applies to the property which becomes undisposed of property by the lapsing of a legacy as in the case of property not mentioned in the will. The testator is presumed to anticipate that a legatee may die during his lifetime and that the legacy may lapse, and if the testator does not provide for that contingency in the will the property would be undisposed of and would descend according to the statute. Gorgas Estate, 166 Penn St., 269; Gallaher v. Crooks, 132 N. Y., 338; Tea v. Millan, 257 Ill., 624; 40 Cyc., 1943.
Counsel cite the case of Moon v. Stewart, 87 O. S., 549, as starting a new doctrine and a modification of Crane v. Doty. *570 It is true that Crane v. Doty was distinguished, hut we find no criticism or modification of the doctrine of Crane v. Doty. The Moon v. Stewart case invoked a will the terms of which were crude, yet it was held to be dispositive and all parties took under the will. There was no undisposed of estate.
It is contended that the special devise to Flora Shock Hem was expressed by the will “to be her full share and interest in all my estate.” Particular emphasis is placed upon the word “all.” But it will be observed that there is no residuary or other devise to carry the personalty to the four children; it would therefore follow that the testator in the contingency of the death of his wife left the estate to descend as intestate property.
Had the wife survived the husband, the four favored children would have taken nothing from the personalty. The personalty would in that event have been taken absolutely by the wife, and the portion unconsumed by her would have been subject to her disposition or pass by the statute of descent and distribution to her heirs or next of kin.
The four children of the testator can not claim the personalty under a dispositive term of the will. They can only claim under the statutes of descent and distribution. In doing so they invoke relief under a statute which confers title equally upon all the children. The children can not invoke the statute of descent and distribution so far as it favors them and deny the title in favor of Flora Shock Hem conferred by the same statute. Judge Ranney in Crane v. Doty says:
“The property must be disposed of .upon the death of the owner. It may be disposed of by will; but if it is not, the law disposes of it to all the children' alike. All dominion of the owner over it ceases with his life. To allow a testator to leave his property undisposed of, and by will to control the course of descent and distribution, would be to allow him to repeal the law of the land. It must go by devise or descent; and it is impossible to conceive of an estate .created by a mixture of the two.”
The claim that there is a devise by implication in favor of *571 the four children to the exclusion of the fifth in the case at bar is also met by the opinion of Judge Ranney in Crane v. Doty.
It is also contended the construction that the property involved in the lapsed legacy should go to all heirs should apply only to the personalty existing at the time of the execution of the will and not to real estate subsequently converted.
It appears that Mr. Leopold prepared the will of the testator on April 7th, 1911. He testifies that he drew the will and the three affidavits found in the record and that John Shock made oath to his affidavit before him — the affidavit of John Shock being dated April 7th. It appears that on April 8th John Shock and his wife 'executed a deed to John H. Shock for the 26 acre tract of land before A. W. Somers, J. P.,- ■and that John IT. Shock and wife executed notes and mortgage for unpaid purchase money. John H. Shock testifies that he agreed to pay $4,000 for the tract of land, that he paid $1,000 cash, gave notes and mortgage for $2,000) and gave an unsecured note for $1,000. The deed was filed with the recorder on April 18th at 10:35 a. m. We think the evidence establishes the inference that the deed must have been taken on April 8th.
The will although drawn on April 7th was not executed until April 18th. Whatever might have been the intention of the testator on -April 7th, the time the will was drawn, his ultimate intention must be ascertained when he signed and executed the will on April 18th. At that time his personalty had been augmented by the conversion of the 26 acre tract of land into money and notes. The testator must therefore have intended that his wife should have the entire personalty held by him on the date of the execution of the will. This would include the money and notes received ten days previously from the sale of the 26 acre tract of land.
No intention appears in the will that any portion of the property devised to the wife upon her death to pass under the terms of the will to any other person, and the personally therefore became undisposed property and passed under the law and not under the will.
*572 Considerable stress is laid upon the use of the word “proceeds” as used in both Items 1 and 2 of the will.
In Item 1 the testator provides for the conversion by the executor after his death of the real estate of which he died seized. In Item 2, the word “proceeds” in like manner refers to that derived from a sale by the executor for the support of the wife. We find no reasonable basis for the claim that the term “proceeds” was intended to apply to real estate that he, himself, had converted into personalty prior to the time of the execution of the will.
It is also urged that Flora Shock Plern, by making a claim for the $100, waived her right to participate as heir in the undisposed of property. The doctrine of election applies only where there are inconsistent rights. In the case at bar under the will, as we construe it, it is not inconsistent for Flora Shock Hern to claim the $100| under the will and also to claim as heir in the undisposed of property. The doctrine of election does not, therefore, apply.
Counsel for plaintiff urged that the court should construe the will broadly and accomplish the purpose of the testator as reflected in his affidavit which he desired to be placed with the will.
There is no reference in the will to the affidavit and no dis-positive clause in the affidavits can therefore affeet the provisions of the will. We have considered the affidavits and the other 'evidence as circumstances throwing light upon the testator’s intention, but we can not consider dispositive terms or expressions de hors the will for the purpose of adding to or controlling terms of the will. It, therefore, follows that Flora Shock Hern is entitled to participate with the other children in the distribution of the personalty arising from the lapsing of the legacy to the testator’s wife.
We think the whole case is brought here by the'appeal and that the petition in error should be dismissed.
Decree accordingly.
Kunkle, J., and Ferneding, J., concur.