Shohl, P. J.
Solomon Chaffin, the father of the parties, died in March, 1914, leaving a will whereby he devised the premises in controversy in the following language:
Item 1. ‘T give and devise to my son Franklin A. Chaffin, during his natural life, and then to the heirs of his body forever, the following described real estate, situate in the County of Fayette; State of Ohio.”
The will contained no residuary clause and made no disposition of the premises except the foregoing.
Solomon Chaffin left surviving him four children, one of whom was Franklin. Franklin A. Chaffin was childless at the death of his father and remained so until his death in May, 1919, leaving no heirs of his body, and leaving a will which was duly probated in the probate court of Fayette county, whereby he devised to his brother, Herschel D. Chaffin, any and all interest that he had or was entitled to in the property in controversy. Thereafter, Tryphena Dixon brought an action in the court of common pleas of Fayette county, praying that the premises in question be partitioned, and for such proceedings as are authorized by law, claiming to own a one-third part of the premises, as heir at law of Solomon Chaffin, deceased. Herschel D. Chaffin by answer and cross-petition set up the facts hereinbefore recited. -’Plaintiff demurred to the answer and cross-petition. The court sustained the demurrer and ordered partition, finding that Tryphena Dixon, Herschel D. *3 Chaffin and Loten W. Chaffin each have a legal right to the undivided one-third part of the real estate. Error is prosecuted to the judgment by Herschel D. Chaffin.
The controversy is as to the legal effect of the will of Solomon Chaffin. The defendants in error claim that each of the three children of Solomon Chaffin surviving Franklin is entitled to one-third of the premises. The plaintiff in error contends that he is entitled to one-half of the premises, one-fourth as heir of Solomon Chaffin and one-fourth as devisee of Franklin A. Chaffin, who inherited one-fourth as one of the heirs at law of Solomon Chaffin.
The following propositions are not disputed:
First. All the parties derive their title either mediately or immediately by descent from Solomon Chaffin and not by devise under his will.
Second. That under the will of Solomon Chaffin, Franklin A. Chaffin, by virtue of Section 10578, General Code, took a life estate with remainder over in fee to the heirs of his body, and that upon the death.of Franklin A. Chaffin, without heirs of his body, the remainder failed for want of any one qualified to take it.
Third. That Solomon Chaffin died intestate as to the reversion in the property in the event of Franklin A. Chaffin’s death without heirs of his body.
At the death of Solomon Chaffin, he left four children surviving him. Had he made no disposition whatever of his estate in the land, except to give a life estate therein to Franklin, an intestacy as to the reversion would have been immediately *4 apparent, and each of the four children would then have had a vested interest in one-fourth of the reversion. The statute, Section 8573, General Code, provides:
“When a person dies intestate, having title or right to any real estate or inheritance in this state * * * such estate shall descend and ■ pass in parcenary to his or her kindred in the following course: 1. To the children of such intestate or their legal representatives.'”
What is the effect, therefore, of the further gift to the heirs of the body of Franklin A. Chaffin? Section 10578, General Code, abrogates the rule in Shelley’s case as to wills.
Upon principle and authority there is a contingent remainder to the heirs of the body of Franklin. (1 Tiffany on Real Property, Section 120, page 283.) The descent was cast upon the death of Solomon Chaffin. A reversion in fee, therefore, upon the death of Solomon, passed and vested in his heirs at law, subject to being divested upon the birth of children of the life tenant. Gilpin et al. v. Williams et al., 25 Ohio St., 283, 295, 296; In re Youtsey, 260 Fed. Rep., 423; Fearne on Remainders, 351; Jeffers v. Lampson, 10 Ohio St., 101; Carver v. Jackson, 4 Peters, 1, 89, 90, and Doe, Lessee of Poor, v. Considine, 6 Wall., 458, 477.
Franklin A. Chaffin, therefore, as one of the heirs of his father, was vested with a one-fourth interest in the premises by descent, just as were his brothers and sisters. The fact that Solomon Chaffin by will limited the estate of Franklin to an estate for life does not exclude him from any *5 further interest which might come by reason of an intestacy. Even had the testator made an express provision to that effect, he could not exclude one of his heirs at law from participation in property which he had not disposed of. Crane v. Doty, 1 Ohio St., 279, 283; Needles, Exr., v. Needles et al., 7 Ohio St., 432, 445; Bane v. Wick, 14 Ohio St., 505, 508; Gilpin v. Williams, 17 Ohio St., 396, and Leopold, Exr., v. Weaver, 9 Ohio App., 379.
Reference was made in the argument to the common-law rule summed up in the maxim seisina facit stipitem, or “seisin makes the stock of descent.” The rule is thus stated in.24 Am. & Eng. Ency. Law (1 ed.), 357:
“The effect of the common-law rule that descent must be traced from the first purchaser, together with its auxiliary doctrine expressed in the maxim seisina facit stipitem is, then, that the claimant must show kinship to the person who last died seised in deed. Though the law passes an inheritance upon the heir immediately upon the ancestor’s death, he thereby only acquires a seisin in law, and this alone would not enable him to transmit the inheritance to his heirs; for, at common law, no one could be a stirps from whom a descent could be derived, unless he had been actually seised. * * * He could not be accounted an ancestor who had only a bare right or title to enter or be otherwise seised * * *. It may, then, be stated as the clear result of all the authorities that, wherever a person succeeded to an inheritance by descent, he must have obtained an actual seisin or possession, or seisin in deed, as contra-distinguished from seisin in law, in order to make himself *6 the Foot or stock from which the future inheritance by right of blood must have been derived; that is, in other words, in order to make the estate transmissible to his heirs. If, therefore, the heir on whom the inheritance has been cast by descent, dies before he has acquired the requisite seisin, his ancestor, and not himself, becomes the person last seised of the inheritance, and to whom the claimants must make themselves heirs.”
Under this rule the heirs of the reversioner cannot have seisin until the determination of the particular estate, and if one of those heirs had died during the existence of the particular estate he would not have died seised and could not be the stock or stirps through whom descent could be derived, but the same authority (24 Am. & Eng. Ency. Law, 358, 359) says:
“But this common-law doctrine is now changed' by statute in England, and is generally rejected throughout the United States, where ownership or title to property is substituted for seisin, and the heir takes all the real estate owned by the ancestor at the time of his death. So, the heirs of a reversioner or remainder-man take as absolutely as if their ancestor were actually seised as of a freehold in possession; the word ‘seised,’ when applied to such an interest, being equivalent to owning, and ‘seisin’ to ownership. A remainder-man or’ reversioner, therefore, becomes a proper stock of descent, and the remainder or reversion of one dying intestate will go among his heirs in the same manner as estates in possession.”
As has already been noted, under Section 8573, General Code, the heir inherits from an ancestor *7 “having title or right to any real estate,” and without regard to seisin. See Gibson v. McNeely, 11 Ohio St., 131; 3 Washburn on Real Property (6 ed.), Section 1847, and 2 Tiffany on Real Property, 983.
It is insisted, however, that the claim of plaintiff in error is in conflict with the decisions in the cases of Bunnell v. Evans et al., 26 Ohio St., 409, and Cultice et al. v. Mills et al., 97 Ohio St., 112. Each of those cases contains language not in harmony with the view hereinbefore expressed. The actual decision in the case of Bunnell v. Evans, as shown by the syllabus, is that where a gift is made to a son of the testator for his natural life and then to his heirs, and in another part of the will the word “heirs” is used in the sense of “children,” the son takes a life estate only, with remainder to his children, or issue, and not to his heirs generally; that upon his death without issue the devise in remainder failed and the estate reverted to the heirs of the testator. While Welch, C. J., in the course of the opinion, stated those persons whom he considered the heirs of the testator, the proposition was not actually decided.
In the case of Cultice v. Mills the facts were practically the same as in the case of Bunnell v. Evans. The controversy turned upon the meaning of the term “heirs,” as used in the will. The wife of the life tenant, John Mills, claimed to be the owner of the real estate in fee simple under the will of Thomas Mills, as the “heir” of John. The briefs and records in the supreme court, to which we have had access, show that the claim made in this case was not presented to the court there. The widow *8 of John never made the contention that she was entitled to John’s share, which he got by reason of the partial intestacy of his father. The supreme court never having passed upon the precise point the decision ought not to be regarded as changing the rule established by decisions which are the settled law of Ohio.
We are of opinion, therefore, that upon the death of Solomon Chaffin he was intestate as to a reversion. The right of Franklin A. Chaffin to an undivided fourth in this reversion vested immediately, subject to being divested by the happening of the contingencies provided for in the will, and Franklin was able to and did transmit his interest to his brother Herschel D. Chaffin. (See Gillis, Admr., v. Long et al., 19 O. D., 253, 269, 270.) Herschel D. Chaffin under the facts admitted by the demurrer was the owner of a one-half interest in the land.
The judgment will be reversed.

Judgment reversed.

Hamilton and Cushing, JJ., concur.
Judges of the First Appellate District, sitting in place of Judges Allread, Ferneding and Kunkle of the Second Appellate District.