[No. 19601–4–I.   Division One.   December 27, 1988.]

THE CITY OF SEATTLE, *Petitioner,* v. JOHN ORWICK,
*Respondent.*

*Douglas N. Jewett, City Attorney, Stanley A. Bastian*
and *Charlotte E. Clark–Mahoney, Assistants,* and *Frances*
*Wagner, Legal Intern,* for petitioner.

*O.W. Hollowell* and *Hollowell, Pisto, Kalenius & Rhodes,*
for respondent.

WEBSTER, J.—Seattle appeals a dismissal of its charge
against John W. Orwick of obstructing a public officer. The
City claims that suppression of evidence, not dismissal, is
the proper remedy for denial of a defendant's right to con-
tact a lawyer. We affirm.

### FACTS

Two Seattle police officers responded to a report of an
automobile striking a pedestrian in downtown Seattle at
approximately 9:25 p.m. on November 7, 1985. They found
Orwick lying on top of the accident victim in the middle of
the street. When asked by the police to remove himself

from the victim's body Orwick responded with insulting vulgar expressions and refused to comply. One officer forcibly removed Orwick from the victim, and Orwick began swinging at the officer. The police arrested Orwick, read him his *Miranda* rights and transported him to the police station. They cited him with violating Seattle Municipal Code 12A.16.010(A)(3), obstructing a public officer.

Orwick testified that he asked for an attorney several times when he was brought to the police station but the police denied his request. An unidentified officer told Orwick that he would be "detained for a long while." Orwick further testified that he repeatedly demanded to contact his attorney, emphasizing his request by kicking the cell door. The police responded to his request by placing Orwick in a 4–point restraint. Orwick suffered a head injury during his detention at the police station requiring that he be transported to a local hospital for treatment. Again, the police placed Orwick in restraints.

At the hospital Orwick continued to request access to a phone to contact his attorney. The hospital's policy was to refuse telephone access to persons being treated who are on police hold. Consequently, Orwick remained at the hospital until 6 a.m. and was never given access to a telephone to contact his attorney.

The arresting police officers testified that several people witnessed the alleged obstruction. The police took statements of witnesses of the pedestrian/vehicle incident but not of Orwick's alleged crime. Orwick found no witnesses in the days following his release from jail. Orwick testified that he returned to the scene of the incident faithfully for 1½ months following his arrest searching for names of witnesses but found none. At least four witnesses saw the altercation between Orwick and the police, but because of his detention Orwick claims he was unable to return to the site of the incident to get their names.

Prior to trial Orwick moved for dismissal of the charge against him. The Municipal Court found that Orwick was denied his right to contact his lawyer under former JCrR

2.11(c)(2) and dismissed the charge. Seattle appealed the Municipal Court's decision to superior court which affirmed the dismissal. We granted discretionary review on April 20, 1987.

## Discussion

Seattle maintains that suppression of evidence is the proper remedy for denial of access to counsel. The City focuses on two cases with divergent results, *Fitzsimmons* and *Prok,* and claims that the trial court erred in relying on the earlier of the two cases, *Fitzsimmons. State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated on other grounds,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980) held that dismissal is the appropriate remedy for denial of one's right to counsel. In contrast, *State v. Prok,* 107 Wn.2d 153, 727 P.2d 652 (1986) held that suppression not dismissal is the proper remedy for violation of the court rule requiring the State to advise an accused of the right to counsel. *Prok* involved evidence gathered both before and after violation of the defendant's right, while in *Fitzsimmons,* the State obtained no evidence after it violated the defendant's right.

Neither *Prok* nor *Fitzsimmons* provides authority applicable in the present case. They do not address the appropriate remedy for violations of the particular rule involved here, former JCrR 2.11(c)(2). *Fitzsimmons* is distinguishable since its holding is explicitly limited to cases where intoxication is an element of the offense. *Fitzsimmons,* at 445. Similarly, *Prok* is factually distinguishable from this case because after violating Orwick's right the City gathered no evidence which could be suppressed.

█ The Municipal Court found a violation of former JCrR 2.11(c)(2). The rule states:

> At the earliest opportunity a person in custody who desires counsel shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning counsel and any other means necessary to place him [or her] in communication with a lawyer.

Former JCrR 2.11(c)(2). The trial court based its dismissal on a violation of this rule. However, the Justice Court Criminal Rules contained no provisions as to the remedy for violations of JCrR 2.11(c)(2). At the date of this case's dismissal JCrR 8.04 provided that where no specific rule prescribes the procedure to be used, the court may proceed in any lawful manner not inconsistent with the rules or statute. Consequently, CrR 8.3(b) which provides for dismissal "in the furtherance of justice" applied at the time of the order in this case.[1]

The trial court did not specifically indicate that its dismissal was "in the furtherance of justice." However, we find that the dismissal is consistent with CrR 8.3(b) and the cases construing it.

A trial court may properly dismiss a criminal prosecution under CrR 8.3(b) if the record discloses arbitrary action or governmental misconduct. *State v. Laureano,* 101 Wn.2d 745, 762, 682 P.2d 889 (1984); *State v. Burri,* 87 Wn.2d 175, 183, 550 P.2d 507 (1976); *State v. Cochran,* 51 Wn. App. 116, 123, 751 P.2d 1194 (1988). Here, the trial court in its oral decision based its dismissal upon the City's failure to provide access to an attorney. The court found that the City's violation of the court rule prejudiced the defendant such that he was unable to call his attorney who could have gone to the scene of the incident to obtain names of witnesses potentially helpful to the defense. The City's failure to comply with former JCrR 2.11(c)(2) and neglecting to at least allow Orwick access to a phone constitutes governmental misconduct consistent with the case law construing CrR 8.3(b). Therefore, we conclude that the trial court's dismissal was based on governmental misconduct and entered pursuant to CrR 8.3(b). *See State v. Dailey,* 93 Wn.2d 454, 458, 610 P.2d 357 (1980) (court found that trial

---

[1]Presently, the Criminal Rules for Courts of Limited Jurisdiction which replaced the rescinded Justice Court Criminal Rules contain their own version of CrR 8.3(b). See CrRLJ 8.3(b) which differs slightly from CrR 8.3(b), in that it contains the case law developments of CrR 8.3(b) limiting dismissals in the furtherance of justice to cases of "arbitrary action or governmental misconduct".

court's dismissal, while not specifically stated, was based on CrR 8.3(b) because the trial court's decision to dismiss was due to "numerous incidents of prosecutorial mismanagement").

Having found that the trial court dismissed the City's charge pursuant to CrR 8.3(b), we must now examine whether the dismissal was proper under that rule. Dismissals under CrR 8.3(b) may be reversed only for manifest abuse of discretion. *See State v. Burri,* 87 Wn.2d at 183. *See also State v. Laureano,* 101 Wn.2d at 762; *State v. Cochran,* 51 Wn. App. at 123. Here, we find nothing in the record that would constitute manifest abuse of discretion. As stated above, dismissals under CrR 8.3(b) are appropriate in cases of governmental misconduct. The trial court found that the City's violation of the rule allowing Orwick the opportunity to contact his lawyer prejudiced the defense by obstructing his access to necessary witnesses. The City does not argue that the Municipal Court abused its discretion. In light of the governmental misconduct here we find that the trial court was well within its discretion in dismissing the case.

Therefore, we hold that the trial court properly dismissed this case based on a violation of Orwick's right to communicate with his attorney. Affirmed.

SCHOLFIELD, C.J., and PEKELIS, J., concur.

Review granted at 112 Wn.2d 1010 (1989).