[No. 55903–1.  En Banc.  December 28, 1989.]

THE CITY OF SEATTLE, *Petitioner,* v. JOHN ORWICK, *Respondent.*

*Douglas N. Jewett, City Attorney, Michael Brown, Assistant,* and *Charlotte E. Clark–Mahoney, Assistant City Prosecutor,* for petitioner.

*Pisto, Kalenius & Rhodes, P.S.,* and *Laird A. Pisto,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is whether charges against a defendant should be dismissed because the defendant was denied immediate access to counsel.

At approximately 9:25 p.m. on November 7, 1985, two Seattle police officers responded to a car–pedestrian accident. On approaching the accident scene, one officer saw

John Orwick, the defendant herein, leave the sidewalk and lie on top of the unconscious accident victim. The officer said that when he asked the defendant if he was giving aid to the victim, the defendant responded "no". After repeatedly asking the defendant to get off the victim and receiving expletive responses, the officer forcibly removed the defendant from the accident victim. When the defendant took a couple of swings at the officer, the officer read him his *Miranda* rights and arrested him for obstructing a public officer (Seattle Municipal Code § 12A.16.010(A)(3)).

The defendant says that he demanded an attorney when he arrived at the police station. He claims that an officer told him he would "be here for awhile". Placed in a holding cell, the defendant kicked the door and demanded to call his attorney, post bail or be released. Officers then put him in a 4–point restraint. The defendant was later found bleeding from a head injury and was taken by ambulance to Harborview Hospital.

Upon arriving at the hospital at approximately 10:41 p.m., the defendant refused all treatment from hospital staff. He was belligerent to nurses who attempted to treat him. They did manage, however, to test his blood alcohol level; it read .126.

The defendant testified that he asked several times to call his attorney while he was at the hospital. Hospital staff refused, citing the hospital's then policy of not giving phone privileges to police–hold patients for safety reasons. Unable to treat the defendant and verify the extent of his injuries, the hospital held him until about 6 a.m. and then returned him to police custody. Sometime that morning the defendant contacted his attorney and was released on bond.

The defendant says that he returned the next day to the accident scene in an effort to locate witnesses to his altercation with the police. The defendant also says that he kept returning to the scene, posting notices to possible witnesses on nearby buildings for over a month following his arrest. The defendant further states that he was unsuccessful in locating any witnesses, even though four individuals, two of

whom wore short–sleeved shirts, allegedly saw the altercation. The arresting officers agree that other individuals were present at the accident scene. The officers, however, questioned bystanders about the pedestrian–vehicle accident and not about the altercation with the defendant.

Before trial, the defendant moved to dismiss the charge against him on several grounds, including the claim that he was unlawfully denied access to counsel. The City admitted denying the defendant his right of access to counsel, but argued that the proper remedy for that denial was suppression of evidence rather than dismissal.

In response to a pretrial motion, the municipal court dismissed the charge based on unlawful denial of counsel. The Superior Court affirmed the dismissal. The Court of Appeals granted discretionary review and also affirmed the dismissal, but on other grounds.[1] The City then sought review of that decision and we granted discretionary review.

One primary issue is presented to this court.

## ISSUE

Is dismissal the proper remedy for denial of a defendant's right of access to counsel when the defendant is not prejudiced by the denial?

## DECISION

CONCLUSION. The special dismissal rule that applies when access to counsel is denied in driving while intoxicated (DWI) cases does not apply when intoxication is not an element of the offense charged. Dismissal in a case where intoxication is not an element of the offense charged is appropriate only when a defendant has been prejudiced by the denial of access to counsel.

The municipal court dismissed the obstruction charge filed against the defendant based on the City's conceded failure to provide him with access to an attorney as

---

[1] *Seattle v. Orwick*, 53 Wn. App. 53, 765 P.2d 913 (1988).

required by former court rule JCrR 2.11.[2] JCrR 2.11(b)(1) provided that the right to counsel in all criminal proceedings shall attach "as soon as feasible after the defendant is taken into custody, when he appears before a committing magistrate, or when he is formally charged, whichever occurs earliest." JCrR 2.11(c)(2) provided that a person in custody who desires counsel must at the earliest opportunity "be provided access to a telephone, . . . and any other means necessary to place him in communication with a lawyer." As support for the dismissal, the municipal court cited our holding in *State v. Fitzsimmons*, 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980).

In *Fitzsimmons,* this court dismissed driving while intoxicated charges because the defendant was not allowed to contact an attorney following his arrest in violation of JCrR 2.11 and the sixth amendment to the United States Constitution. This court observed in *Fitzsimmons* that a criminal defendant's Sixth Amendment right to counsel attaches when a critical stage in a criminal prosecution resulting in loss of liberty is reached.[3] The period after arrest in a DWI case is a critical stage for right to counsel purposes because of the unique nature of the DWI charge.[4] The *Fitzsimmons* court explained this conclusion by citing its analysis in *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966):

> The denial of counsel [directly after charging] prevented the defendant's effective preparation for his defense to the charge against him. It was necessary for him to present evidence showing that he was not under the influence of intoxicating liquor at the time of his arrest. A most effective way to present

---

[2]The Justice Court Criminal Rules (JCrR) were replaced by the Criminal Rules for Courts of Limited Jurisdiction (CrRLJ) on September 1, 1987. CrRLJ 3.1 is essentially identical to former JCrR 2.11, which was in effect at the time the defendant was taken into custody.

[3]*State v. Fitzsimmons,* 93 Wn.2d 436, 442, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980).

[4]*Fitzsimmons,* at 442, citing *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966).

such evidence would be through disinterested witnesses who could observe his condition soon after his arrest or after he had been booked for the crime, and by a blood test administered by a doctor. . . .

The defendant had virtually no other way to obtain the necessary proof of his innocence.

*Heater,* at 739–40, cited in *Fitzsimmons,* at 442. *Heater* thus established the rule that "when the defendant is charged with driving while under the influence of intoxicating liquor, [the defendant] must be allowed access to legal counsel immediately after arrest and charging."[5] The *Fitzsimmons* court characterized this approach as one which conclusively presumes prejudice to the DWI defendant who is denied immediate access to counsel.[6] The court concluded in *Fitzsimmons* that it must inevitably follow that the defendant suffered irreparable prejudice

because of the unique circumstances of a driving while under the influence case in which denial of access to counsel may prevent development of a defense because the evidence of intoxication disappears within a relatively short time.

*Fitzsimmons,* at 451. The court thus ordered the charges against the defendant dismissed. In so doing, however, the court reiterated the importance of intoxication as an element of the offense in requiring a rule that allows the defendant immediate access to an attorney. "Without this factor," *Fitzsimmons* held, "the period immediately following arrest and charging for a traffic offense would not be a 'critical stage' of the criminal prosecution in which the defendant's Sixth Amendment right attaches."[7]

The dismissal rule applied in *Heater* and *Fitzsimmons* was cited in the subsequent DWI case of *State v. Prok,* 107 Wn.2d 153, 157, 727 P.2d 652 (1986). In *Prok,* however, the case against the defendant was not dismissed. This was because credible untainted evidence was obtained before

---

[5]*Fitzsimmons,* at 443.

[6]*Fitzsimmons,* at 451.

[7]*Fitzsimmons,* at 445.

the JCrR 2.11 violation occurred, or before the defendant was taken into custody.[8] We there held that the evidence obtained against the defendant before his right to counsel was violated was admissible and that, because of the admissibility of such evidence, dismissal was inappropriate.[9]

██ We hold here that the dismissal rule applied in *Heater* and *Fitzsimmons* and described in *Prok* is not applicable in the case before us because intoxication is not an element of the obstruction offense with which the defendant is charged.[10] In a DWI case, a denial of immediate access to counsel is *presumed* prejudicial because of the fleeting nature of intoxication and the critical importance of the defendant's condition at the time of arrest to the defendant's defense. Where intoxication is not an element of the offense charged, the importance of such transitory types of evidence is not assumed, and there is no presumption of prejudice when immediate access to counsel is denied. Thus, there is no automatic dismissal rule in such cases. As the United States Supreme Court has stated, "certain violations of the right to counsel may be disregarded as harmless error. . . . More particularly, absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate".[11] Consistent with these principles is our oft-cited rule that

---

[8] *State v. Prok*, 107 Wn.2d 153, 155–56, 727 P.2d 652 (1986).

[9] *Prok*, at 157.

[10] The pertinent part of the ordinance under which the defendant was charged reads as follows:
"A. A person is guilty of obstructing a public officer if, with knowledge that the person obstructed is a public officer, he:
    ". . . .
    "3. Intentionally refuses to cease an activity or behavior that creates a risk of injury to any person when ordered to do so by a public officer . . .".
Seattle Municipal Code § 12A.16.010(A)(3) (part).

[11] *United States v. Morrison*, 449 U.S. 361, 365, 66 L. Ed. 2d 564, 101 S. Ct. 665, *reh'g denied*, 450 U.S. 960 (1981).

dismissal of charges is an extraordinary remedy available only when there has been prejudice to the rights of the accused which materially affected his or her rights to a fair trial.[12]

Because of a lack of prejudice, this court declined to dismiss charges in *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966), *cert. denied,* 386 U.S. 1042 (1967). The defendant in *Louie* challenged his conviction for second degree burglary on the ground that he was prejudiced by being denied counsel during a 2–month hospitalization period following his arrest.[13] The defendant contended that had he been able to contact an attorney during that time, the attorney could have contacted two witnesses to aid in his defense. The defendant maintained that two women he had met in a bar before his arrest could have proven that he was intoxicated and therefore incapable of forming the intent to commit the crime of burglary. He claimed that the women would be in the area only a short time and that he knew them only by their first names. The court rejected the defendant's claim of prejudice, concluding that it was "purely speculative" whether the two potential witnesses could have been located by defendant's counsel during defendant's 2–month hospitalization and whether, if located, their testimony would have assisted in his defense. The *Louie* court added that "[u]pon these facts and circumstances, we cannot say that refusal of the requests for counsel during defendant's hospitalization so prejudiced the effectiveness of the legal assistance accorded to him . . . as to compel or justify dismissal of the charge."[14]

We deem equally speculative the defendant's claim herein that an attorney could have found witnesses to his

---

[12]*State v. Baker,* 78 Wn.2d 327, 332–33, 474 P.2d 254 (1970), cited in *State v. Laureano,* 101 Wn.2d 745, 762–63, 682 P.2d 889 (1984); *State v. Whitney,* 96 Wn.2d 578, 580, 639 P.2d 956 (1981).

[13]*Louie,* at 307–09.

[14]*Louie,* at 309–10.

altercation with the police that would have excused or explained his actions. Here, the defendant was denied counsel for approximately 12 hours, as opposed to the 2 months in *Louie*. Here, the defendant did not know the alleged witnesses' names; only, as he claimed, that two of them wore short–sleeved shirts. The defendant does not inform us of any defense theory by which the witnesses would have exonerated him; rather, he apparently just assumes that they would have approved of his actions at the accident scene. Such a claim is not of sufficient weight to support a finding of prejudice. Thus, dismissal of the case against the defendant is unwarranted.

Dismissal is also unwarranted in cases where suppression of evidence may eliminate whatever prejudice is caused by an infringement of the right of access to counsel.[15] In *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013, *review denied,* 83 Wn.2d 1003 (1973), *cert. denied,* 419 U.S. 849 (1974), the Court of Appeals upheld the trial court's denial of a motion to dismiss, ruling that suppression of an illegal tape of an attorney–client conversation eliminated any prejudice to the defendant.[16] However, in a case where a defendant was denied permission to call an attorney for several hours after her arrest, this court refused to suppress lawfully seized evidence because no prejudice had been shown to have resulted from the delay.[17]

In the case before us, the defendant's only claims of prejudice focus on his alleged inability to obtain witnesses as a result of the delay in access to counsel. As stated, we do not agree that the defendant's inability to immediately attempt through an attorney to contact bystanders at the scene of the alleged offense prejudiced his defense. Thus, under the facts of this case, the violation of JCrR 2.11 was

---

[15] *See Morrison,* at 365 n.2; *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013, *review denied,* 83 Wn.2d 1003 (1973), *cert. denied,* 419 U.S. 849 (1974).

[16] *Grant,* at 266.

[17] *State v. Ivey,* 73 Wn.2d 589, 590, 439 P.2d 974 (1968).

harmless error and neither suppression of evidence nor dismissal is warranted.

■ This conclusion leads us to reverse the Court of Appeals dismissal of the charge against the defendant based on CrR 8.3(b).[18] That rule authorizes dismissal of a criminal prosecution "in the furtherance of justice".[19] Dismissal under CrR 8.3(b) remains an extraordinary remedy that is exercised only when governmental misconduct or arbitrary action has prejudiced a defendant.[20] Because of our conclusion that the defendant was not prejudiced by the governmental misconduct in this case, the dismissal by the Court of Appeals under CrR 8.3(b) was inappropriate.

The defendant has raised several other issues in his answer to the City's petition for review. These issues were addressed only in passing by the municipal court and not at all by the Superior Court or the Court of Appeals. Nor will we now address them since they were not timely raised herein. If additional issues are raised in an answer to a petition for review, the answer must be filed in this court within 15 days of the respondent's receipt of the petition.[21] The answer here was filed well beyond that time. In any event, we do not deem the defendant's additional issues to be either meritorious or necessary to a determination of this case.[22]

Dismissal of the obstruction charge against the defendant was error. The dismissal orders entered or affirmed by the municipal court, Superior Court, and Court of Appeals are

---

[18]*See Seattle v. Orwick*, 53 Wn. App. 53, 58, 765 P.2d 913 (1988).

[19]*State v. Cantrell*, 111 Wn.2d 385, 388, 758 P.2d 1 (1988).

[20]*Cantrell*, at 391; *see also State v. Laureano*, 101 Wn.2d 745, 762–63, 682 P.2d 889 (1984).

[21]RAP 13.4(d).

[22]*See Johnson v. Morris*, 87 Wn.2d 922, 931, 557 P.2d 1299 (1976); *Hall v. American Nat'l Plastics, Inc.*, 73 Wn.2d 203, 205, 437 P.2d 693 (1968).

reversed and the case is remanded to the municipal court for trial.

CALLOW, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, DURHAM, and SMITH, JJ., and PEARSON, J. Pro Tem., concur.