240 P.3d 1162 (2010)
CITY OF SEATTLE, Respondent,
v.
The Honorable George W. HOLIFIELD, Seattle Municipal Court, Defendant,
Matthew Jacob, Petitioner,
John Wright, Jacob Culley, Defendants.
No. 83277-3.
Supreme Court of Washington, En Banc.
Argued June 10, 2010.
Decided October 14, 2010.
*1163 Andrew R. Elliott, Attorney at Law, Oregon City, OR, Joshua Saul Schaer, Routh Crabtree Olsen, P.S., Bellevue, WA, for Petitioner.
Richard Edward Greene, Seattle City Attorney's Office, Seattle, WA, for Respondent.
Charles Franklin Blackman, Snohomish County Prosecutor's Office, amicus counsel for WAPA.
Michael E. Harbeson, Attorney at Law, Lakewood, WA, amicus counsel for Jacob Culley-Defendant.
SANDERS, J.
¶ 1 The city of Seattle (City) charged petitioner Matthew Jacob with driving under the influence (DUI). The Seattle Municipal Court suppressed breath test evidence against Jacob pursuant to Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 8.3(b).[1] The City moved for a writ of review in superior court, claiming suppression was impermissible under CrRLJ 8.3(b). The superior court denied the motion in a three-sentence order. The Court of Appeals, on discretionary review, held suppression was improper and the writ of review could lie. We granted review to determine (1) whether suppression was permissible under CrRLJ 8.3(b) and (2) whether a writ of review was an appropriate vehicle for the City to challenge potential errors of law from a court of limited jurisdiction.
¶ 2 We reverse the Court of Appeals on both issues.

FACTS
¶ 3 The City charged Jacob with DUI based, in part, on the results of a breath test. The machine used to determine Jacob's blood alcohol content had been calibrated using a control alcohol solution certified by Ann Marie Gordon. Law enforcement officials use alcohol solutions to determine if the breath test machines measure accurate alcohol levels. Gordon was the former manager of the Washington State Toxicology Laboratory. Gordon resigned from her position after it came to light she certified solutions that she did not independently test and, later, other lab workers falsified records to cover up the misconduct.
¶ 4 Jacob and the City stipulated that an evidentiary ruling in an unrelated yet nearly identical caseCity of Seattle v. Kennedy, No. 496912 (Seattle Mun. Ct.2008) (Holifield, J.)would apply to Jacob.[2] Clerk's Papers (CP) at 1,4, 7, 24; Answer to Mot. for Discretionary Review at 2. The Kennedy matter concerned Gordon's misconduct. The Kennedy *1164 court found Gordon signed alcohol solution certifications "even though she did not test each of those solutions." CP at 18, ¶ 36. The court also found widespread "governmental misconduct and an attempt to cover up this governmental misconduct." Id. at 21, ¶ 81. The court held the misconduct "egregious" and "the worst kind of governmental misconduct imaginable." Id. at 23, ¶ 5. It found Kennedy suffered "actual prejudice" as a result of the misconduct. Id. at 23, ¶ 8.
¶ 5 Instead of dismissing the prosecution pursuant to CrRLJ 8.3(b),[3] the court suppressed the breath test evidence. Id. at 23-24, ¶¶ 10-15. It stated, "CrRLJ 8.3(b) allows the court to dismiss under these circumstances.... However, the court may, in the alternative, suppress evidence if doing so would eliminate the prejudice and allow the defendants' [sic] to have a fair trial." Id. at 23, ¶¶ 10-11. The court cited several cases, including State v. Busig, 119 Wash.App. 381, 81 P.3d 143 (2003), and City of Seattle v. Orwick, 113 Wash.2d 823, 784 P.2d 161 (1989), to support this proposition. Pursuant to the agreement between Jacob and the City regarding the outcome of Kennedy, and based on the blanket suppression, the breath test evidence in Jacob's case was also suppressed. See CP at 24, ¶ 15.
¶ 6 The City sought a writ of review[4] in superior court. It argued only dismissal not suppressionwas available under CrRLJ 8.3(b). The superior court denied the City's motion. CP at 61. The superior court's ruling stated, "Motion For Writ of Review is Denied. The Court finds that Trial Court's Ruling is a clear legal error. The City has failed to meet its burden." Id.
¶ 7 The City sought discretionary review in the Court of Appeals, which granted review. The Court of Appeals reversed the superior court and held that the City was entitled to a writ of review for the municipal court's legal error. City of Seattle v. Holifield, 150 Wash. App. 213, 228, 208 P.3d 24 (2009). It also construed CrRLJ 8.3(b) to permit only dismissal for governmental misconduct. Id. at 222-23, 208 P.3d 24. Jacob sought discretionary review here, which we granted. City of Seattle v. Holifield, 167 Wash.2d 1001, 220 P.3d 207 (2009).

ANALYSIS

I. Suppression pursuant to CrRLJ 8.3(b)
¶ 8 Pursuant to CrRLJ 8.3(b), a court of limited jurisdiction has discretion to dismiss a criminal prosecution that is tarnished by governmental misconduct if the misconduct prejudiced the defendant's rights and materially affected the defendant's right to a fair trial. The rule reads:
The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.
CrRLJ 8.3(b).
¶ 9 We review a lower court's interpretation of a court rule de novo. Spokane County v. Specialty Auto & Truck Painting, Inc., 153 Wash.2d 238, 244, 103 P.3d 792 (2004) (citing City of Seattle v. Guay, 150 Wash.2d 288, 76 P.3d 231 (2003)). Our interpretation of a court rule relies upon principles of statutory construction. Id. at 249, 103 P.3d 792. To interpret a statute, we first look to its plain language. State v. Gonzalez, 168 Wash.2d 256, 271, 226 P.3d 131 (2010) (citing State v. Armendariz, 160 Wash.2d 106, 110, 156 P.3d 201 (2007)). If the plain language is subject to one interpretation only, our inquiry ends because plain language does not require construction. Id.
*1165 ¶ 10 Dismissal "is an extraordinary remedy, one to which a trial court should turn only as a last resort." State v. Wilson, 149 Wash.2d 1, 12, 65 P.3d 657 (2003) (emphasis added). Trial courts should consider "`intermediate remedial steps'" before ordering the extraordinary remedy of dismissal. Id. (quoting State v. Koerber, 85 Wash. App. 1, 4, 931 P.2d 904 (1996)). We have stated unequivocally that "[d]ismissal is unwarranted in cases where suppression of evidence may eliminate whatever prejudice is caused by governmental misconduct." State v. Marks, 114 Wash.2d 724, 730, 790 P.2d 138 (1990) (citing City of Seattle v. Orwick, 113 Wash.2d 823, 784 P.2d 161 (1989)); accord United States v. Morrison, 449 U.S. 361, 366, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)("[W]e have not suggested that searches and seizures contrary to the Fourth Amendment warrant dismissal of the indictment. The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression.").
¶ 11 The City contends the trial court erred when it suppressed the breath test results, rather than dismiss the prosecution outright. It asserts dismissal is the sole remedy pursuant to CrRLJ 8.3(b).[5] Answer to Mot. for Discretionary Review at 9-10. Our precedent suggests otherwise.
¶ 12 In Wilson, we held dismissal of a criminal prosecution pursuant to Superior Court Criminal Rule (CrR) 8.3(b)[6] should be used "only as a last resort." 149 Wash.2d at 12, 65 P.3d 657. The language of CrR 8.3(b) is identical to CrRLJ 8.3(b), the rule before us here. In Wilson the superior court dismissed robbery and attempted robbery charges due to governmental misconduct. 149 Wash.2d at 6, 65 P.3d 657. The Court of Appeals reversed. We affirmed the Court of Appeals because we found dismissal under the rule to be inappropriate. Id. at 12, 65 P.3d 657. We emphasized that the trial judge erred by dismissing the case outright instead of taking ameliorative action. "The trial judge in each case ignored `intermediate remedial steps' when it ordered the `extraordinary remedy of dismissal.'" Id. (quoting Koerber, 85 Wash.App. at 4, 931 P.2d 904). We stated that the lower court abused its discretion by failing to consider a "less extreme alternative[]" to dismissal. Id. at 12, 65 P.3d 657.
¶ 13 We addressed a similar dilemma in Marks, 114 Wash.2d 724, 790 P.2d 138. Marks involved a former version of CrR 8.3(b), but the rule contained the same pertinent phrase: "may dismiss."[7] Relying on the then-recently decided case of City of Seattle v. Orwick, 113 Wash.2d 823, 784 P.2d 161 (1989), we held that "[d]ismissal is unwarranted in cases where suppression of evidence may eliminate whatever prejudice is caused by governmental misconduct." Marks, 114 Wash.2d at 730, 790 P.2d 138.
¶ 14 The municipal court relied on the Court of Appeals case of Busig to suppress, rather than dismiss, the prosecution. Busig does not undertake an in-depth analysis of suppression versus dismissal, as Wilson, Marks, and Orwick do, but it does clearly contemplate suppression as an alternative to dismissal. See Busig, 119 Wash.App. at 390, 81 P.3d 143 ("neither dismissal nor suppression of the evidence under CrR 8.3(b) was justified" for the alleged government misconduct[8] *1166 (emphasis added)); see also State v. McReynolds, 104 Wash.App. 560, 579, 17 P.3d 608 (2000) ("Dismissal is not justified when suppression of evidence will eliminate whatever prejudice is caused by the action or misconduct.").
¶ 15 There is no tension between our precedent and the plain language of CrRLJ 8.3(b). The rule says that the court "may" go to the extreme measure of dismissal. It sets the outer bounds of the court's discretion and power. Nothing in the plain language of the rule prohibits other less severe remedies within those bounds. The rule does not limit the court's discretion. Here suppression presents an appropriate, less severe remedy than dismissal under CrRLJ 8.3(b). Suppression stands as an "intermediate remedial step" and a "less extreme alternative" that avoids the "extraordinary remedy of dismissal." Wilson, 149 Wash.2d at 12, 65 P.3d 657; see also Marks, 114 Wash.2d at 730, 790 P.2d 138.
¶ 16 The trial judge found governmental misconduct and prejudice that materially affected Jacob's right to a fair trial. Because the trial court had the power to suppress rather than dismiss the breath test evidence pursuant to CrRLJ 8.3(b), the trial court did not err. We reverse the Court of Appeals and conclude suppression was a proper intermediate remedial step.

II. Writ of Review
¶ 17 A writ of review is an extraordinary remedy granted by statute, State ex rel. Gebenini v. Wright, 43 Wash.2d 829, 830, 264 P.2d 1091 (1953). It "should be granted sparingly." City of Seattle v. Williams, 101 Wash.2d 445, 455, 680 P.2d 1051 (1984). We review the superior court's decision whether to grant a writ of review de novo. Commanda v. Cary, 143 Wash.2d 651, 654, 23 P.3d 1086 (2001) (citing Sunderland Family Treatment Servs. v. City of Pasco, 127 Wash.2d 782, 788, 903 P.2d 986 (1995)).
¶ 18 It is well established that the meaning of a statute is a question of law we also review de novo. Lake v. Woodcreek Homeowners Ass'n, 168 Wash.2d 694, 704, 229 P.3d 791 (2010). Our goal in interpreting a statute is to carry out the legislature's intent. Burns v. City of Seattle, 161 Wash.2d 129, 140, 164 P.3d 475 (2007). As noted in the preceding section, we first examine a statute's plain language. Gonzalez, 168 Wash.2d at 263, 226 P.3d 131. If a statute is unambiguous after a review of its plain meaning, our inquiry is at an end. Id. A statute is ambiguous, however, when it is "`susceptible to two or more reasonable interpretations,' but `a statute is not ambiguous merely because different interpretations are conceivable.'" Estate of Haselwood v. Bremerton Ice Arena, Inc., 166 Wash.2d 489, 498, 210 P.3d 308 (2009) (quoting State v. Hahn, 83 Wash.App. 825, 831, 924 P.2d 392 (1996)).
¶ 19 The legislature has established factors governing whether a writ of review should issue. See RCW 7.16.040.[9] Two independent prongs must be satisfied before a court can grant a statutory writ of review. The writ shall issue when an inferior tribunal has (1) exceeded its authority or acted illegally, and (2) no appeal nor any plain, speedy, and adequate remedy at law exists. "Unless both elements are present, the superior court has no jurisdiction for review." Commanda, 143 Wash.2d at 655, 23 P.3d 1086. The statute governing writs of review provides in full:
Grounds for granting writ. A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, *1167 nor in the judgment of the court, any plain, speedy and adequate remedy at law.
RCW 7.16.040.
¶ 20 The phrase "acting illegally" in the first prong of RCW 7.16.040 is far from a model of clarity. For example, the phrase could mean only an excess of jurisdiction; more broadly, it could also signify any erroneous or faulty ruling of the trial court. It is susceptible to two or more reasonable interpretations and, accordingly, it is ambiguous. Estate of Haselwood, 166 Wash.2d at 498, 210 P.3d 308. While we have encountered the phrase before, we have not settled its meaning. See, e.g., Commanda, 143 Wash.2d at 655-56, 23 P.3d 1086 (mentioning the phrase "acting illegally," but in dicta).
¶ 21 Jacob contends the City should be able to obtain a writ of review "only ... when the lower court decision is a patent error such that the ruling is so obviously against the course of common law as to essentially result in an excess of jurisdiction." Pet. for Discretionary Review at 8.[1] The City, on the other hand, argues petitioners should be able to obtain a writ of review to correct any error of law. Answer to Mot. for Discretionary Review at 7.[11]
¶ 22 To date the Court of Appeals has conducted the most in-depth analyses of the words "acting illegally" for purposes of RCW 7.16.040. A conflict exists regarding whether the phrase means merely a legal error or something more. Court of Appeals Divisions One and Two have held writs may lie to correct clear errors of law. Division Three has embraced a more stringent approach. State v. Epler, 93 Wash.App. 520, 969 P.2d 498 (1999) (Div. Three) and City of Seattle v. Keene, 108 Wash.App. 630, 31 P.3d 1234 (2001) (Div. One) provide the most recent and penetrating examinations; they also disagree. But both followed closely on the heels of Washington Public Employees Ass'n v. Washington Personnel Resources Board, 91 Wash.App. 640, 959 P.2d 143 (1998) (WPEA) (Div. Two).
¶ 23 The WPEA court held statutory writs of review can lie to remedy errors of law. It found the phrase "acting illegally" cannot mean only acts that exceed the court's jurisdiction, because such an interpretation would render other phrases in RCW 7.16.040 redundant. Division Two observed:
To interpret "acting illegally" narrowly to include only acts that violated procedural requirements would render the phrase superfluous; "acting illegally" would merely describe conduct already encompassed within the statutes' phrases "exceeded jurisdiction" or "erroneous or void proceeding." RCW 7.16.040. But we are not to interpret statutes so as to render any language superfluous. Thus, we assume that the Legislature intended the phrase `acting illegally' to include acts in addition to those already encompassed in "exceeded jurisdiction" or "erroneous or void proceedings."
WPEA, 91 Wash.App. at 653, 959 P.2d 143.
¶ 24 In Epler, Division Three denied relief to a petitioner alleging clear error of law. At trial Epler moved to dismiss a DUI charge pursuant to CrRLJ 8.3(b). After the trial court denied his motion, Epler sought a writ of review in superior court. His affidavit alleged that the district court committed a "`clear error at law, [for] which there is no remedy.'" Epler, 93 Wash.App. at 522, 969 P.2d 498 (alteration in original). The superior court granted the writ and dismissed the DUI with prejudice. Id. On discretionary review, the Court of Appeals commented that a writ of review could not issue to correct errors of law because a lower court does not act illegally by committing legal error. Id. at 525, 969 P.2d 498. Instead, the court limited writs to cases where the lower court exceeded its jurisdiction. "[A] merely erroneous ruling is not an act in excess of the court's *1168 jurisdiction, and therefore no writ lies." Id. at 524, 969 P.2d 498 (emphasis omitted).
¶ 25 The Epler court's discussion of whether a court's legal error satisfies the "acting illegally" prong of RCW 7.16.040 is dicta. See Keene, 108 Wash.App. at 635, 31 P.3d 1234. Epler was decided on other grounds; namely, the availability of appeal under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). Epler, 93 Wash.App. at 525, 969 P.2d 498. If an adequate remedy at law exists, the second prong of RCW 7.16.040 fails and the writ cannot lie. Accordingly, Epler's brief discussion of the first prong of RCW 7.16.040i.e., whether the trial court exceeded its jurisdiction or acted illegallyhad no role in deciding the case. Moreover, Epler relies on cases that discuss the writ of prohibitionnot the writ of reviewto arrive at its result.[12] Its precedential value in this area is not robust.
¶ 26 Division One followed WPEA to arrive at its decision in Keene. The court squarely addressed whether, for purposes of RCW 7.16.040, a court "act[s] illegally" when it commits an error of law. It held that correcting a legal error is, in fact, the sole purpose of a writ of review. Keene, 108 Wash.App. at 639-40, 31 P.3d 1234. "Neither a writ of mandate nor a writ of prohibition is authorized to correct errors of law. The writ of review, on the other hand, is for just that purpose." Id. Keene specifically rejected Epler's assertions to the contrary. Id. at 632, 31 P.3d 1234. Keene cited with approval our case of Williams, 101 Wash.2d 445, 680 P.2d 1051, in which we upheld, after reviewing substantive errors of law, a writ for interlocutory review of an order denying a jury trial. While the Williams court indicated interlocutory writs should issue sparingly, it nonetheless implicitly authorized their use to correct errors of law when appropriate. Id. at 455, 680 P.2d 1051.
¶ 27 Jacob contends our holding in Commanda precludes permitting writs of review to remedy mere legal errors. He cites the following language (which the court borrowed from Epler):
"If the court has subject matter jurisdiction, a merely erroneous ruling is not an act in excess of the court's jurisdiction, and therefore no writ lies. The court's exercise of discretion is not reviewable by extraordinary writ."
Pet. for Discretionary Review at 9 (quoting Commanda, 143 Wash.2d at 656, 23 P.3d 1086). He suggests the Court of Appeals decision must surrender to our precedent. Id. Commanda discusses "a merely erroneous ruling" in a section of the opinion that summarizes the City's argument. Commanda, 143 Wash.2d at 655-56, 23 P.3d 1086. The language paraphrases the City's position; it does not reflect the position of the court.[13]
¶ 28 While none of these opinions serves as a silver bullet for the issue before us, we find their discussions helpful in arriving at a workable standard. We recognize that the phrase "acting illegally" is ambiguous. Our purpose is to construe the statute to effect the legislature's intent. With this in mind, we believe the purpose served by a writ of review is sufficiently similar to that served by interlocutory review that the criteria should inform each other. After all, "the only method of review of interlocutory decisions in courts of limited jurisdiction is still the statutory writ." Williams, 101 Wash.2d at 455, 680 P.2d 1051.
¶ 29 We hold that, for purposes of RCW 7.16.040, an inferior tribunal, board or officer, exercising judicial functions, acts illegally when that tribunal, board, or officer (1) has committed an obvious error that would render further proceedings useless; (2) has committed probable error and the decision substantially alters the status quo or substantially *1169 limits the freedom of a party to act; or (3) has so far departed from the accepted and usual course of judicial proceedings as to call for the exercise of revisory jurisdiction by an appellate court.
¶ 30 We borrowed this formula from our rule governing interlocutory review, see RAP 13.5(b), and that governing discretionary review of a trial court decision. See RAP 2.3(b).[14] These standards for granting the statutory writ of review under the "acting illegally" prong lie somewhere between the standards sought by each party here. They are not so strict that the writ applies merely to cases that exceed jurisdiction. Nor are they so lax that the writ applies only to correct mere errors of law. In any event, these standards are "specific and stringent." Geoffrey Crooks, Discretionary Review of Trial Court Decisions Under the Washington Rules of Appellate Procedure, 61 Wash. L.Rev. 1541, 1545 (1986). They are also "simple and straightforward." Id. at 1554.
¶ 31 They also make sense from a historical perspective. When this court adopted the RAPs in 1976, they "completely replaced all prior rules governing appellate procedure." Id. at 1541; see RAP 2.1(b).[15] In fact,
[t]he former procedures for seeking review, particularly interlocutory review, "by extraordinary writs of review, certiorari, mandamus, prohibition, and other writs formerly considered necessary and proper to the complete exercise of appellate and revisory jurisdiction," were superseded. The drafters' comment explains that the intent behind this change was to simplify and clarify this part of appellate practice. As the comment notes, "[r]eview by way of extraordinary writ under the former rules has been the most confusing of all the appellate procedures, and precedent for almost any arguable position can be found."
Crooks, supra, at 1541 (footnotes omitted) (emphasis added) (quoting former RAP 2.1(b) & cmt. b (1976)). By applying the standards espoused in the RAPs to courts of limited jurisdiction, we ensure the principles governing review are consistent throughout the review process. It would make little sense to apply a much different standard, because the RAPs themselves were adopted, in part, to streamline and clarify the writ morass. Id. Most importantly, these standards comply with our overarching dogma regarding writs of review, namely, that they are extraordinary remedies granted sparingly. Williams, 101 Wash.2d at 455, 680 P.2d 1051.
¶ 32 Finally, we note that these standards do not conflict with the other grounds articulated in RCW 7.16.040. They are also not redundant. The writ may still issue independently of the "acting illegally" grounds if an inferior tribunal, board, or officer (1) exceeds its jurisdiction, (2) to correct erroneous or void proceedings, or (3) a proceeding not according to the course of the common law, and if there is no appeal nor any plain, speedy, and adequate remedy at law. See RCW 7.16.040.

CONCLUSION
¶ 33 We reverse the Court of Appeals on both issues before us. We hold that (1) suppression is an available remedy pursuant to CrRLJ 8.3(b), and (2) writs of review shall issue according to the standards articulated in RAP 13.5(b) and RAP 2.3(b)(1)-(3). Here, suppression was proper but even if it were not, it would constitute at most a mere error of law that, without more, would not justify issuance of a writ of review. We reverse.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, TOM *1170 CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
NOTES
[1] The ruling applied to Jacob through a blanket ruling from a related case.
[2] The municipal court issued a blanket breath-test suppression ruling that affected all similarly situated defendants, i.e., those who had been charged with DUI based on breath test machines calibrated using Gordon's solutions. CP at 24, ¶ 15.
[3] CrRLJ 8.3(b) provides:

The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.
[4] "The writ of certiorari may be denominated the writ of review." RCW 7.16.030. "[T]he terms certiorari and writ of review are regarded as interchangeable." Berman v. Urquhart, 48 Wash.2d 85, 87, 291 P.2d 655 (1955).
[5] The City also argues briefly that even if suppression is available under CrRLJ 8.3(b), Jacob failed to show he was prejudiced in a way that materially affected his right to a fair trial. Answer to Mot. for Discretionary Review at 13. This position is inaccurate. The municipal court explicitly found actual prejudice. CP at 58, ¶ 8 ("The sheer magnitude of the misconduct in this case leads this court to conclude that the defendants' [sic] have demonstrated actual prejudice."). The court also recognized this prejudice materially affected the right to a fair trial when it ruled suppression could "eliminate the prejudice and allow the defendants' [sic] to have a fair trial." CP at 58, ¶ 11.
[6] CrR 8.3(b) provides:

The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.
[7] Former CrR 8.3(b) (1988) provided: "The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."
[8] While the Busig court determined suppression was not appropriate in that case, it did leave the door open to that possibility under CrR 8.3(b).
[9] There are two types of writs: (1) the constitutional common law writ and (2) the statutory writ. Bridle Trails Cmty. Club v. City of Bellevue, 45 Wash.App. 248, 252, 724 P.2d 1110 (1986). This case concerns the statutory writ.
[1] Jacob relies heavily on State v. Whitney, 69 Wash.2d 256, 418 P.2d 143 (1966), for this proposition. Jacob's claim that the writ can issue "only" for patent error, however, is not supported by the case law. The Whitney court was persuaded to grant the writ due to several factors, including what it considered to be patently erroneous statutory construction. But at no time did the court express the exclusivity of those grounds for relief under a writ of review. Id. at 260-61, 418 P.2d 143.
[11] Amicus Curiae Washington Association of Prosecuting Attorneys joins in this argument. Br. of Amicus Curiae at 11.
[12] The writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." RCW 7.16.290.
[13] Additionally, as in Epler, Commanda's discussion of clear legal error is immaterial to the outcome. It is dicta. Commanda was decided on availability of RALJ appeal. Id. at 656-57, 23 P.3d 1086. It held the writ of review was not proper because "defendants have conceded there is an adequate remedy at law after the final judgment" and "they have an adequate remedy at law through a RALJ appeal." Id. at 657, 23 P.3d 1086.
[14] We have omitted the fourth consideration, RAP 2.3(b)(4).
[15] RAP 2.1(b) provides: "(b) Writ Procedure Superseded. The procedure for seeking review of trial court decisions established by these rules supersedes the review procedure formerly available by extraordinary writs of review, certiorari, mandamus, prohibition, and other writs formerly considered necessary and proper to the complete exercise of appellate and revisory jurisdiction of the Supreme Court and the Court of Appeals."