IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| AMIR SIROUS NAJAFABADI, | ) | No. 82656-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HOUSING AUTHORITY OF | ) | |
| SNOHOMISH COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

CHUNG, J. — Amir Najafabadi appeals pro se the Housing Authority of Snohomish County (HASCO)'s termination of his Section 8 Housing Choice Voucher assistance. HASCO received notice that Najafabadi may have been receiving subsidized housing from two agencies simultaneously, in violation of state and federal regulations. After proper notice and an administrative hearing, at which Najafabadi failed to appear, the agency terminated his voucher and demanded repayment of the improperly received benefits. Najafabadi challenges HASCO's termination of his voucher and claims that he should have been provided with an interpreter; however, he does not provide any citation to the record or authority, or legal argument to support his request for relief. Based on the record of the agency action, we identify no error. We affirm.

FACTS

I. Najafabadi's Housing Vouchers and Notice of Termination of Benefits

Amir Najafabadi applied to HASCO for a Section 8 Housing Choice Voucher in March 2019.[1] In the application, he certified that he had never lived in subsidized housing and that he was currently at risk of homelessness. He was granted a housing voucher, which specified that the residence acquired using the benefit must be his only residence and that he could not receive a simultaneous housing subsidy from any other agency or program. Najafabadi signed the voucher agreeing to these terms and certified that all information he provided in his voucher application was true and complete. He entered into a lease, and HASCO began making rental payments in July 2019.

In June 2020, the Seattle Housing Authority (SHA) notified HASCO that Najafabadi had been living in SHA subsidized housing since November 2018 and it suspected he was receiving subsidies from both agencies. On September 23, 2020, after confirming that the individual reported by SHA was the same person, HASCO provided Najafabadi written notice that it had grounds to terminate his benefits. It also notified Najafabadi that he would be required to repay the improperly received benefits. These notices provided information about the alleged program violations and advised Najafabadi of his rights to dispute the termination and proposed repayment schedule through HASCO's informal hearing procedures.

---

[1]The federal Section 8 rental voucher program subsidizes rental payments for qualified families in need. 42 U.S.C. § 1437f(o), 24 C.F.R. § 982.1.

II.  Pre-Hearing Communications between HASCO and Najafabadi

Najafabadi timely notified HASCO that he wished to contest the decision. HASCO scheduled the hearing date for October 15, 2020, and provided Najafabadi a summary of the hearing procedures and information on how to access the agency's complete policies and procedures online. Shortly after that, an attorney with the Eastside Legal Assistance Program representing Najafabadi contacted HASCO to request that it postpone the hearing. About a week later, a second attorney, from Galloway Law Group, unaffiliated with the first, made a similar request on Najafabadi's behalf. HASCO provided both attorneys with the requested information and rescheduled the hearing to allow both counsel time to prepare. The hearing was rescheduled for October 27, then at the request of the attorney from Galloway Law Group, postponed again until "after November 3." Najafabadi, through both counsel, asked that the hearing be conducted via Zoom video conference and the agency confirmed, providing both telephone and internet-based access instructions.

When a third attorney, this one from Snohomish County Legal Services, contacted HASCO on Najafabadi's behalf to request to reschedule the hearing, it was discovered that the three attorneys were unaware of their overlapping representations. The hearing was rescheduled for November 10, 2020, while Najafabadi's attorneys sorted out the details of the representation. The attorney through Eastside Legal Assistance Program withdrew immediately. The Snohomish County Legal Services attorney agreed to take the lead on the case, but withdrew from representation several days later. The night before the hearing,

the attorney from Galloway Law Group who had agreed to take over the representation asked for a continuance so that he could become familiar with the evidence, so HASCO rescheduled the hearing again until November 23.

Galloway withdrew from his representation on November 20, but in doing so, confirmed that Najafabadi "is aware of the hearing tomorrow, but I am not sure how he plans to attend." That same day, HASCO emailed Najafabadi to confirm the hearing and provide him with instructions how to connect via either computer or telephone. On November 22, 2020, the afternoon prior to the hearing, Najafabadi emailed HASCO, stating, "Due to my mental and physical disability condition, I am not able to attend an Informal hearing." He requested "a formal hearing at your first available time." HASCO replied the next morning, explaining that there is no "formal" hearing process in their administrative procedure. It reiterated that the hearing would still occur that day via Zoom and that there would be a phone call-in option in case of technology concerns. HASCO also invited Najafabadi to request disability accommodations if needed in order to participate.

III. Communications After the Hearing

Najafabadi did not respond to this message, nor did he attend the hearing. After Najafabadi's failure to appear, based on the evidence contained in HASCO's informal hearing packet, the hearing officer upheld HASCO's cancellation of benefits and its order for repayment of improper benefits.

HASCO sent Najafabadi notice of the hearing officer's decision via letter dated November 24, which was also emailed to him that afternoon.[2] This letter included information on how to request reconsideration from the agency and how to appeal to the superior court. In response to the decision, at 2:52 p.m., Najafabadi contacted HASCO via email saying that he had not been able to attend the hearing because "I had an issue with the Internet. I did not get a phone call from HASCO. I already sent an email. That's [sic] I request formal hearing at the first time possible. Whatever, I do not agree with this decision." Within an hour, HASCO responded via email and reiterated that he had been provided clear instructions and that the only option was the informal hearing. The email also noted that as the dismissal letter stated, he could appeal to the superior court.

Later that same afternoon, at 5:12 p.m., Najafabadi sent another email saying that he was "sick and in pain" and complained that HASCO staff "put too much pressure on me . . . ." The next day, November 25, he sent an additional message explaining that he had attempted to join the Zoom call for the hearing but his internet had not been working. He asked HASCO to reconsider its decision and reiterated his request for a formal hearing "in person as soon as possible." Several hours later, he sent a separate email directly to HASCO's Director of Tenant Based

---

[2] The HASCO email states the time as 10:25 p.m. (GMT), which would be 2:25 p.m. Pacific Standard Time. We may take judicial notice of those "facts capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy and verifiable certainty." CLEAN v. State, 130 Wn.2d 782, 809, 928 P.2d 1054 (1996) (citing State ex rel. Humiston v. Meyers, 61 Wn.2d 772, 779, 380 P.2d 735 (1963)).

Assistance, asking "I wonder if you don't have the internet how can I access in Zoom."

On November 26, HASCO rejected Najafabadi's request for reconsideration, reiterating that the only option was the informal hearing, which he had missed; that the matter was closed; and that if he disagreed with the hearing officer's decision, he would have to appeal to the courts as stated in the dismissal letter.

IV. <u>Najafabadi's Petition for Review to the Superior Court</u>

Najafabadi subsequently sought a writ of review in Snohomish County Superior Court. In his petition for review, he explained, "The Snohomish housing authority gave me informal hearing on Zoom but I don't have the internet to join zoom. I requested formal hearing so that I can attend the hearing but they didn't have it." In a later letter to the court, Najafabadi alleged, "The Snohomish housing authority gave me a hearing on zoom and I didn't have a chance to attend because I was sick, and I called them but they didn't respond."

The superior court held that by failing to appear at the administrative hearing, Najafabadi had waived his objections to HASCO's termination and repayment decisions. It also ruled that HASCO did not abuse its discretion by not granting reconsideration under the circumstances, and that the decision to terminate Najafabadi's Section 8 voucher and seek repayment of improperly paid rents were supported by substantial evidence. The court denied the petition for review and upheld HASCO's decision.

Najafabadi appeals pro se the superior court's dismissal of his petition for review.

## ANALYSIS

We review the superior court's decision to grant or deny a writ of review de novo. City of Seattle v. Holifield, 170 Wn.2d 230, 240, 240 P.3d 1162 (2010) (citing Sunderland Family Treatment Servs. v. City of Pasco, 127 Wn.2d 782, 788, 903 P.2d 986 (1995)). When we review a superior court's decision on a writ of review, we evaluate the " 'decision of the body that makes the findings and conclusions relevant to the decision.' " Mansour v. King Cty., 131 Wn. App. 255, 262, 128 P.3d 1241 (2006) (quoting Davidson v. Kitsap Cty., 86 Wn. App. 673, 681, 937 P.2d 1309 (1997)).

"A writ of review is an extraordinary remedy granted by statute." Holifield, 170 Wn.2d at 239. For a court to grant a statutory writ of review, two independent prongs must be satisfied: "an inferior tribunal has (1) exceeded its authority or acted illegally, and (2) no appeal nor any plain, speedy, and adequate remedy at law exists." Id. at 240; RCW 7.16.040. As to the second prong, as HASCO concedes, the only method of obtaining judicial review of a public housing agency's administrative hearing decision is through a statutory writ of review. Thus, in the case of a review of a public housing authority's denial or termination of benefits, we review the legality of the hearing officer's decision. Nichols v. Seattle Hous. Auth., 171 Wn. App. 897, 903, 288 P.3d 403 (2012). One way in which a tribunal, board, or officer "acts illegally" is by committing an obvious error that would render further proceedings useless. Id. at 903 (citing Holifield, 170 Wn.2d at 244-45).

7

On appeal of a writ of review, we review issues of law de novo, and on issues of fact, we review whether factual determinations were supported by substantial evidence. Hilltop Terrace Homeowner's Ass'n v. Island Cty., 126 Wn.2d 22, 29-30, 891 P.2d 29 (1995). "Ordinarily, an appellate court reviews the administrative decision on the record of the administrative tribunal, not of the superior court operating in its appellate capacity." Hilltop Terrace, 128 Wn.2d at 29-30 (citations omitted). However, a court may consider evidence outside the record on writ of review when the petition involves allegations of procedural irregularities or appearance of fairness, or raises constitutional questions. Responsible Urban Growth Group v. Kent, 123 Wn.2d 376, 384, 868 P.2d 861 (1994).

Here, regarding the agency's actions, Najafabadi asks two questions: "Did HASCO provide all terms, law regarding housing?" and "Did HASCO translate to my language?"[3] Unfortunately, the scope of his questions is unclear and his briefing provides little to support these vague assignments of error.

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Failure to do so may preclude review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant must provide "argument in support of the issues presented for review, together with

---

[3] Najafabadi focuses his briefing mostly on his objections to the administrative hearing proceedings, and he requests a new hearing in the superior court in order to present his case. But such relief is not available through a writ of review, which requires us to examine the administrative hearing itself.

citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments unsupported by references to the record or citation to authority need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Najafabadi fails to provide any relevant citation or argument regarding how or why he believes that HASCO's hearing procedure or decision violated the law. Similarly, insofar as his briefing alleges misconduct unrelated to the conduct of the agency's termination hearing, there is no record provided and no argument to support such a review. In the absence of any meaningful argument, analysis or authority to support his claims, we must reject them. See, e.g. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); State v. Rafay, 168 Wn. App. 734, 843, 285 P.3d 83 (2012).

I. Termination Hearing

To the extent we are able to provide a meaningful review of the agency's actions, there was no error. HASCO's Administrative Plan, in accordance with federal regulations for public housing authorities,[4] requires HASCO to offer an informal hearing for certain determinations, including termination of assistance. There is no "formal" hearing procedure. The agency "has the sole discretion to require that informal hearings be conducted remotely in case of local, state, or national physical distancing orders," as has been the case during the COVID-19 pandemic. To ensure due process and allow all parties to have full access to

---

[4] 24 C.F.R. § 982.555.

participate in the hearing, HASCO may conduct informal hearings remotely via telephone or videoconferencing, as appropriate.

Najafabadi appears to mistakenly conflate the remote nature of the hearing with its designation as an "informal hearing" and his ability to participate by presenting evidence. He argued "the informal hearing won't for me [sic] because I can not provide witnesses, documents and evidence I have." The hearing procedures he was provided with, however, make it clear that "[y]ou may call witnesses and present documents and other evidence relevant to the decision being challenged." As there was no right to any other kind of hearing to contest a housing benefit termination, HASCO did not err by denying Najafabadi's request for a "formal" hearing.

Next, we consider whether the agency erred by denying Najafabadi's request to reconsider the decision, or to provide an opportunity for a second hearing. According to the agency's procedures, if a participant does not appear for a scheduled hearing, they must contact the agency within 24 hours of the scheduled hearing date; however, HASCO will reschedule the hearing "only if the [participant] can show good cause for the failure to appear, or if it is needed as a reasonable accommodation for a person with disabilities." "Good cause" is defined as "an unavoidable conflict which seriously affects the health, safety or welfare of the [participant]." "If the [participant] cannot show good cause for the failure to

appear, or rescheduling is not needed as a reasonable accommodation, HASCO's decision will stand."[5]

While Najafabadi did timely reach out to the agency after the hearing, his purported reasons for missing the hearing were not supported by any evidence. He stated he was disabled, but failed to request or document a need for a particular reasonable accommodation, even after being specifically asked. His claim that he did not have internet was belied by the multiple emails he sent in close proximity to the hearing, both before and after. He did not attempt to call in to the hearing, despite having clear instructions on how to use the telephone log-in option. His purported technical difficulty, when all evidence pointed to the contrary, does not meet the definition of good cause to support rescheduling the hearing after the fact.

As for whether the agency should have reconsidered its substantive decision, a participant may request reconsideration by the agency within ten business days of the date of the order. "Any such request must be supported by proof and/or corroboration of Participant's reason for failing to appear" and must be provided to both the housing specialist and the hearing officer. Najafabadi did request reconsideration within the required timeframe, but failed to include the hearing officer on the request and, further, provided no evidence or argument as to his failure to appear. Under these circumstances, the agency did not exceed its

---

[5] The agency's procedures for rehearing or further hearing reiterate clearly that "[f]ailure of the [participant] to appear for a scheduled informal hearing without good cause will result in the dismissal of the [participant's] appeal and it will not be rescheduled."

authority or act illegally by terminating Najafabadi's housing voucher or by denying reconsideration.

II. Access to Interpretation Services

Finally, regarding Najafabadi's allegation that he was improperly denied access to an interpreter, this argument is also unsupported either by citation to the record or legal authority. Instead, our review of the record shows that HASCO provided information about how to request interpretation and translation services, along with the written notice of termination and the hearing outcome. In fact, after HASCO first notified him of the decision to terminate his voucher, Najafabadi requested an interpreter for a telephone call with HASCO to discuss the allegations, and the agency accommodated the request. The first interpreter requested to withdraw after a heated exchange in Farsi with Najafabadi. Another interpreter then joined the call but also withdrew a short time later because Najafabadi was "challenging and disrespectful." Najafabadi agreed to continue the conversation with HASCO staff in English. After the conversation ended, Najafabadi followed the staff member's oral instructions on how to submit a written request for a hearing.

To the extent that Najafabadi argues that he should have had an interpreter when he signed the housing voucher or at any other point in the process, he does not provide meaningful analysis or argument in support of the issues "together with citations to legal authority and references to relevant parts of the record" as required by RAP 10.3(a)(6). Further, Najafabadi has not met his burden to provide a sufficient record to review such a claim. See In re Marriage of Haugh, 58 Wn.

App. 1, 6, 790 P.2d 1266 (1990). HASCO's Administrative Plan includes a provision that the agency will provide interpretation services and translated documents upon request, but Najafabadi provides no evidence or argument that he ever requested language assistance.

As Najafabadi fails to provide any meaningful analysis or argument in support of his right to language assistance at the time he executed the housing voucher, to the extent we are able to review the claim, we determine there was no error.

Affirmed.

_Chung, J._

WE CONCUR:

_Birk, J._  _Mann, J._