[No. 8459. Department Two. March 25, 1910.]

## C. H. DEIGHTON, *Respondent*, v. ARIE HOVER, *Appellant*.[1]

TELEGRAPHS AND TELEPHONES—WRONGFUL OPENING OF TELEGRAM—EVIDENCE—SUFFICIENCY. The evidence is sufficient to show that defendant opened a telegram making plaintiff a cash offer for land, where it appears that it was delivered to defendant upon his offering to deliver it to the plaintiff, that he did not deliver it, but on the next day defendant closed a trade with the plaintiff for the land, which trade he had just previously refused to make, and after the trade attempted to dispose of the land to the party who had made the offer in the telegram.

SAME—MEASURE OF DAMAGES. Under Rem. & Bal. Code, § 2977, giving treble damages for all loss and damages sustained by the wrongful opening of a telegram, where defendant, by wrongfully opening a telegram making plaintiff a cash offer for land, induced plaintiff to trade the land to the defendant for less than was offered, the measure of damages is the difference between the value of the land given and the value of that received, irrespective of the tentative offer, where it was probable plaintiff could have sold for its full value.

NEW TRIAL—MISCONDUCT OF COUNSEL—DISCRETION. It is not an abuse of discretion to refuse a new trial, asked because of a conversation held by respondent's counsel with a juryman, in a public place, in the presence of appellant's counsel, no reference to the case being made in the conversation.

Appeal from a judgment of the superior court for Benton county, Holcomb, J., entered April 30, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages. Affirmed.

*Ernest L. Kolb* and *Happy, Winfree & Hindman*, for appellant.

*Henry J. Snively, Humphrey & Cole*, and *Linn & Boyle*, for respondent.

MOUNT, J.—Plaintiff brought this action to recover treble damages, alleging in his complaint that the defendant had opened a telegram addressed to plaintiff, had learned the

[1]Reported in 107 Pac. 853.

contents of the message, and by reason thereof had made a trade with the plaintiff without informing the plaintiff of the telegram. The case was tried to the court and a jury, and verdict was returned in favor of the plaintiff for the sum of $1,400, but upon motion for a new trial, the court required a remission of $400 from the verdict. On this remission being made, a judgment was entered in favor of the plaintiff for $3,000. The defendant has appealed.

It appears that prior to February, 1908, the respondent owned one hundred and twenty acres of timber land in the state of Oregon. The appellant was engaged in the real estate business, and owned some land near Kennewick in this state. The respondent had been in the employ of the appellant. He had offered to exchange his land in Oregon to the appellant for certain land then owned by the appellant, but this offer was refused. The respondent thereupon requested his father-in-law, one L. M. Willcuts, residing in Duluth, Minnesota, to find a purchaser for the Oregon timber land. Mr. Willcuts entered into negotiations with the Weyerhauser Timber Company, which maintained an office at Cloquet, Minnesota, which negotiations resulted in an offer of $2,000 by that company for the land; whereupon Mr. Willcuts sent a message to the respondent by the Western Union Telegraph Company, as follows:

"Duluth, Minnesota, February 19, 1908.
"C. H. Deighton, Kennewick, Washington.
"Weyerhauser offers two thousand for the land. What shall I do?                      L. M. Willcuts."

This telegram was received at Kennewick on the day of its date. It was sealed in an envelope and delivered to the appellant, who said he was going out to where the respondent lived and would deliver the message to him. The appellant neglected to deliver the telegram to the respondent, and on the next day after its receipt, without informing the respondent about the message, entered into negotiations with him which resulted in the exchange of the respondent's timber

land to the appellant for lands near Kennewick which the jury found to be of the value of about $1,600. The evidence tended to show that the respondent's timber land at that time was worth $3,000. After the exchange had been made and deeds passed, the respondent learned that the telegram had been sent and delivered to the appellant, who explained that he had forgotten the receipt of the message. Thereafter the respondent desired to rescind the contract, and offered to reconvey the land received from the appellant, but the latter refused a rescission. After the appellant had acquired respondent's land he sought to communicate with the Weyerhauser company at Duluth, but that company had no office at that place.

It is argued by appellant that the court should have directed a verdict for the appellant. While there was no direct evidence that the appellant opened the telegram or knew the contents of it, the circumstances are fairly conclusive that he did so. He had a short time prior refused to consider an offer of exchange for the timber land. The next day after the telegram was delivered to him he proposed an exchange. He did not deliver the telegram until after the exchange was completed. Thereafter he sought to communicate with the Weyerhauser company at Duluth where that company had no office. The telegram was sent from Duluth, and there was nothing on the outside of the envelope indicating where it was sent from. These are circumstances which the jury had a right to consider, and which with other facts in the case are, we think, sufficient to sustain a finding that appellant had opened the telegram and learned its contents.

It is also argued that the court erred in its instruction to the jury to the effect that the measure of damages was the difference between the value of the land given and the value of the land received, at the date of the exchange. Appellant contends that the court should have instructed that the measure of damage was the difference between the amount of the offer of the Weyerhauser company, viz., $2,000, and the

value of the land received by the respondent. The respondent, however, had not offered the land at that price. He was not bound to accept the offer which was made to him. He might have refused that offer. The proof tended strongly to show that the land was worth $3,000 at that time, and that it would have been purchased by the Weyerhauser company at the latter figure. This was, therefore, the value of the land. While the statute under which the action was brought is a penal statute and should be strictly construed, as appellant argues, it provides that the party injured shall recover treble damages "for all loss and damages sustained by reason of such wrongful act." Rem. & Bal. Code, § 2977. The loss sustained is plainly the difference between the value of the land given and that of the land received, irrespective of the tentative offer made. The parties were not dealing at arm's length. If the appellant knew the contents of the telegram, which we must assume to be the fact, he was in possession of information which of right belonged to the respondent, and which respondent had a right to know before the trade was made. The appellant wrongfully withheld this information and deceived the respondent, and thereby consummated a trade which could not otherwise have been made. He appreciated that fact and wrongfully used it to his advantage. If the information contained in the telegram had been given to respondent before the trade was consummated, then the parties would have concluded the contract at arm's length. But this was not done, and appellant cannot now be heard to say that he and respondent dealt at arm's length. He was clearly guilty of fraud and deceit.

It is also argued that the court erred in not granting a new trial, because one of the respondent's counsel during the trial held a conversation with one of the jurors. This conversation appears to have occurred in the presence, if not within hearing, of appellant's counsel, in a public place, and no reference was made to this case in such conversation. While such practice is not to be commended, we think the

trial court did not abuse its discretion, and therefore did not err in denying the motion on this ground.

We find no error in the record, and the judgment is therefore affirmed.

RUDKIN, C. J., PARKER, CROW, and DUNBAR, JJ., concur.