FILED
COURT OF APPEALS
DIVISION II

2014 APR 29 AM 8: 46

STATE OF WASHINGTON

BY_____
        DEPUTY

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| IN RE THE WELFARE OF<br><br>D.J.L.,<br><br>A minor child. | No. 45336-3-II<br><br>UNPUBLISHED OPINION |

LEE, J. — VL is the mother of DJL, a boy born May 2013. The Pierce County Juvenile Court found DJL to be a dependent child and ordered him to stay in his current relative care placement. VL appeals, arguing that venue was not proper in Pierce County. We agree that Pierce County was not the proper venue, and for the reasons explained below, we remand to the Pierce County Juvenile Court to transfer the dependency to King County Juvenile Court.

FACTS AND PROCEDURAL HISTORY

In November 2012, VL was living in a Pierce County domestic violence shelter. After a Child Protective Services intake, VL's two older children were removed from her care and placed into foster care. The Department of Social and Health Services filed a dependency petition regarding the two older children in Pierce County Juvenile Court. After leaving the Pierce County shelter, VL was homeless for a period of time, staying in various shelters in King County. In May 2013 while she was living in a King County shelter, VL gave birth to DJL.

After being released from the hospital, DJL was placed with VL's mother. VL's mother lives in King County.

The Department filed a dependency petition in Pierce County Juvenile Court as to DJL. The dependency petition listed DJL's address in King County and stated that VL was living in King County. VL's attorney filed a motion to dismiss, arguing that the dependency petition as to DJL was improperly filed in Pierce County and should have been filed in King County.[1]

The Pierce County Juvenile Court first heard the motion to dismiss during a hearing on the Department's motion to amend visitation on June 20, 2013. At that hearing, VL requested that the Pierce County Juvenile Court transfer the case to King County. The Pierce County Juvenile Court treated the motion as a motion for a change of venue and denied VL's motion.

VL renewed her motion to dismiss during the contested dependency hearing, which was heard by a different judge at Pierce County Juvenile Court. VL stated that she was renewing her "[CR] 12(b) motion to change venue." 2 Report of Proceedings (RP) at 7. However, VL did ask that the juvenile court dismiss the dependency petition so that it could be refiled in King County. The Department argued that although DJL was placed in King County and VL was living in a shelter in King County, Pierce County was the proper venue because the dependency petitions regarding the older children were already being heard in Pierce County. The Department explained that the Department's Pierce County office was managing VL's cases and all of VL's current service providers were in Pierce County. However, the Department also explained that it was in the process of moving the two older children to their grandmother's house and

---

[1] There is no dispute that the dependency petitions for the two older children were properly filed in Pierce County.

2

transitioning VL's services to King County, at which point King County would be the proper venue and the case should be transferred to King County Juvenile Court. The Pierce County Juvenile Court agreed that it made sense to keep the case in Pierce County because many of the parties and witnesses were currently in Pierce County. Therefore, the juvenile court stated that it did not "see that there is any reason to change venue." 2 RP at 12.

After a contested hearing, the Pierce County Juvenile Court entered an order of dependency and a dispositional order as to DJL. VL appeals.

## ANALYSIS

VL appeals, arguing the Pierce County Juvenile Court erred by denying her motion to dismiss because under RCW 13.34.040, Pierce County was not the proper venue.[2] Under RCW 13.34.040, the King County Juvenile Court was the proper venue to file the dependency petition as to DJL. However, for the reasons explained below we reject VL's contention that the only remedy is dismissal. Instead, we decline to reverse the Pierce County Juvenile Court's order of dependency, and instead, we remand with instructions to transfer the dependency proceedings to King County Juvenile Court.

RCW 13.34.040 (1) states:

> Any person may file with the clerk of the superior court a petition showing that there is within the county, or residing within the county, a dependent child and requesting that the superior court deal with such child as provided in this chapter. There shall be no fee for filing such petitions.

---

[2] At the trial court, and in their briefing, both parties argued that RCW 13.34.040, is a jurisdictional statute. However, at oral argument before a commissioner of this court, both parties conceded that this is question of venue rather than jurisdiction. Therefore, we do not address VL's jurisdictional claim further.

Both parties concede that DJL is not a child "within the county" because he was not located in Pierce County at the time the Department filed the dependency petition. Rather, the dispute is whether DJL was a child "residing within the county" at the time the Department filed the dependency petition. VL argues that "residing within the county" requires that the child live within the county and, at the time the Department filed the petition DJL was living in King County.

We review questions of statutory interpretation de novo. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131, *cert. denied*, 131 S. Ct. 318 (2010). First, this court looks to the plain language of the statute. *City of Seattle v. Holifield*, 170 Wn.2d 230, 237, 240 P.3d 1162 (2010). "If the plain language is subject to one interpretation only, our inquiry ends because plain language does not require construction." *Holifield*, 170 Wn.2d at 237. We may rely on dictionary definitions to discern the plain meaning of nontechnical statutory terms. *State v. Cooper*, 156 Wn.2d 475, 480, 128 P.3d 1234 (2006) (citing *State v. McDougal*, 120 Wn.2d 334, 350, 841 P.2d 1232 (1992)). Statutes are interpreted to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

We agree with the Department that the phrase "residing within the county" must mean something different than "within the county." There is no statutory definition of "reside." Therefore, we look to the dictionary to determine the plain language of the word. *Webster's Third New International Dictionary*, defines "reside" as "to dwell permanently or continuously

4

. . . have one's residence or domicile."[3] WEBSTER'S THIRD INT'L DICTIONARY 1931 (1969). "Residence" is further defined as "the place where one actually lives or has his home as distinguished from his technical domicile . . . a temporary or permanent dwelling place, abode, or habitation to which one intends to return as distinguished from a place of temporary sojourn or transient visit." WEBSTER'S, *supra*, 1931.

Here, DJL had been placed in King County since he was released from the hospital. He had never lived with VL, and there is no indication that DJL would be returned to VL's care in the immediate future. Further, the Department made a record that it intended to transition all three of VL's children to their maternal grandmother's house in King County in an attempt to create a stable relative placement for the children. Because his grandmother's home is the only home DJL has ever had, and is the only home in which he is likely to reside in the immediate future, we conclude that DJL resides in his grandmother's home in King County. DJL was both physically located in King County and resided in King County at the time the dependency petition was filed.

The Department argues that the child resides where the mother legally resides and that VL's residence was Pierce County because her last stable address was a shelter in Pierce County. However, the Department's own dependency petition states that DJL was located in King ounty, DJL was living in King County, and VL was living in King County. Therefore, under any

---

[3] We note that in some civil contexts a residence is defined as the "a center of domestic activity where it would be most likely that [the] defendant would promptly receive notice if the summons were left there" when discussing residence in the context of "house of usual abode." *Sheldon v. Fettig*, 129 Wn.2d 601, 612, 919 P.2d 1209 (1996). However, given that children may not be sued or subject to legal service or process, such a definition has no relevance in the context of determining a child's residence for the purposes of the juvenile court's jurisdiction over dependency petitions.

interpretation of RCW 13.34.040, the proper venue for the dependency petition would have been King County. Accordingly, the King County juvenile court was the proper venue in which to file the dependency petition as to DJL under RCW 13.34.040.

We recognize that Pierce County was the most practical and convenient place for the Department to file the dependency petition, especially given the fact that the dependency petitions involving VL's two older children were pending in Pierce County. Further, all the parties seemed to agree that it would be appropriate to eventually transfer the dependency cases for all three children to King County. Unfortunately, we must apply the plain language of RCW 13.34.040 which clearly defines the appropriate venue for dependency petitions. Pierce County Juvenile Court was not the proper venue for the dependency petition as to DJL. However, contrary to VL's assertion, dismissal is not the exclusive remedy in this case.

At oral argument, both parties agreed that RCW 13.34.040 is not a jurisdictional statute, and thus, nothing deprived the Pierce County Juvenile Court of the authority to hear the dependency petition. VL filed her motion as a motion to dismiss; however, she at times, requested that the court transfer venue to King County and at other times requested that the case be dismissed. Regardless, VL does not challenge the sufficiency of the evidence supporting the Pierce County Juvenile Court's order of dependency as to DJL. Considering all the circumstances of this case, outright dismissal of the order of dependency or the dependency petition is improvident. Children have the right to a speedy resolution of dependency cases. RCW 13.34.020 ("The right of a child to basic nurturing includes the right to a safe, stable, and permanent home and a speedy resolution of any proceeding under this chapter."). Accordingly, we hold that Pierce County was not the proper venue for the dependency petition as to DJL, but

No. 45336-3-II

we decline to reverse the order of dependency or dismiss the dependency petition. Instead, this case is remanded to the Pierce County Juvenile Court with directions to transfer the case to the King County Juvenile Court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Hunt, J.

_____
Johanson, A.C.J.

7