246 P.3d 219 (2010)
STATE of Washington, Petitioner,
v.
Royden ROSALEZ, Respondent.
No. 28253-8-III.
Court of Appeals of Washington, Division 3.
December 28, 2010.
Megan Ann Bredeweg, Attorney at Law, Kennewick, WA, for Petitioner.
Brian Patrick Roach, Roach Law Offices LLP, Pasco, WA, for Respondent.
SIDDOWAY, J.
¶ 1 We granted discretionary review of a decision of the Benton County Superior Court sitting in its appellate capacity in a DUI case, in which the admissibility of breath test evidence was called into question as a result of misconduct and misinformation originating at the state toxicology laboratory. Royden Rosalez's motion to suppress the evidence in the district court was denied; he appealed to the superior court, which reversed the district court on several grounds. We reverse the superior court in part, for exceeding the proper scope of review.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 In December 2006, Royden Rosalez was arrested for driving under the influence *220 (DUI). Individuals commit the crime of driving while under the influence if they operate a motor vehicle with an alcohol concentration of 0.08 or higher as established by analysis of their breath or blood made under RCW 46.61.506 or while under the influence of or affected by intoxicating liquor or any drug. RCW 46.61.502(1). RCW 46.61.506 addresses the validity and admissibility of blood or breath test analysis in civil or criminal proceedings and requires that such tests satisfy techniques and methods for testing approved by the state toxicologist. Regulations direct the state toxicologist to review, approve, and authorize protocols of procedures and methods to be used in administering the breath test program. WAC 448-16-010, -070.
¶ 3 During the processing of his arrest, Mr. Rosalez provided a breath test at the Benton County jail, which was administered and analyzed using equipment maintained by the Washington State Patrol and materials provided by the state toxicology lab. Information later surfaced that testing protocol violations and false certifications had commonly occurred at the state toxicology lab during the tenure of Ann Marie Gordon, a former lab manager. See, e.g., City of Seattle v. Holifield, ___ Wash.2d ___, 240 P.3d 1162 (2010). Ms. Gordon managed the state toxicology lab at times relevant to the taking and processing of Mr. Rosalez's breath test, and the preparation and certification of the simulator solution (a water/ethanol solution used to calibrate) used in his breath test.
¶ 4 Mr. Rosalez moved the Benton County District Court to suppress his breath test on foundational grounds in light of these irregularities. At the suppression hearing, he offered transcripts of a proceeding in Skagit County at which experts in toxicology testified to the nature and significance of the lapses at the state lab from the required protocol; the transcripts were admitted without objection. He also offered briefing from another proceeding, which argued due process grounds and the requirements of ER 702 and 703 as a basis for challenging the admission of breath tests violating toxicology protocols. The district court denied the motion to suppress, ruling that claimed irregularities and flawed certifications bore on the weight of the breath test evidence, not its admissibility. Mr. Rosalez was thereafter found guilty.
¶ 5 Mr. Rosalez appealed to the Superior Court for Benton County pursuant to Rule 2.3(a) of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). The superior court reversed the district court on the basis of two errors of law: that the evidence was not admissible because of the violation of protocols required by RCW 46.61.506 and on the due process basis that admitting the evidence would deny Mr. Rosalez a fair trial. The superior court also found that "[t]he trial court did not exercise discretion under ER 403 and balance the obvious and substantial danger of prejudice caused by the extensive misconduct of the [state toxicology lab] staff against the probative value of the breath test evidence" and concluded that the failure to exercise discretion under ER 403 was error. Clerk's Papers (CP) at 225.
¶ 6 The State moved this court to grant discretionary review under RAP 2.3(d), arguing that review should be granted because the superior court's decision conflicts with the decision of Division One of the Court of Appeals in City of Seattle v. Holifield, 150 Wash.App. 213, 208 P.3d 24 (2009) (holding that suppression of evidence is not an available remedy under CrRLJ 8.3), rev'd, ___ Wash.2d ___, 240 P.3d 1162 (2010), the decision presents a significant question of law, and/or the decision presents an issue of public interest. Our commissioner granted the motion in part, limiting review to whether the superior court acted within its scope of review when it reversed on a ground not presented to the district courti.e., ER 403. Commissioner's Ruling, State v. Rosalez, No. 28253-8-III (Wash.Ct.App. Oct. 20, 2009). The parties' briefs address only the ER 403 issue.

ANALYSIS
¶ 7 Review of the district court's decision on appeal, here and in the superior court, is governed by the standards contained in RALJ 9.1. State v. Ford, 110 Wash.2d 827, 829, 755 P.2d 806 (1988). We review the record before the district court, reviewing *221 factual issues for substantial evidence and legal issues de novo. City of Bellevue v. Jacke, 96 Wash.App. 209, 211, 978 P.2d 1116 (1999). In this case, we review only whether the superior court acted within its scope of review when it reversed on the basis of ER 403.
¶ 8 RALJ 9.1 provides, in pertinent part:
(a) Errors of Law. The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law.
(b) Factual Determinations. The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.
¶ 9 Mr. Rosalez does not contend that the district court should have raised the ER 403 issue sua sponte, nor does he contend that the ER 403 issue is one that he was entitled to raise for the first time in the superior court. Mr. Rosalez argues solely that concerns implicating an ER 403 analysis were sufficiently clear at the district court. He argues that the district court was aware of an ER 403 basis for Mr. Rosalez's objection but mistakenly believed that its decision whether to admit the breath test evidence was controlled by RCW 46.61.506(4) and that he enjoyed no discretion under ER 403. A court acting under a mistaken belief that it may not exercise discretion abuses its discretionan error of law. See State v. McGill, 112 Wash.App. 95, 100, 47 P.3d 173 (2002); Br. of Resp't at 14-18. Mr. Rosalez also reminds us that the superior court based its decision on three grounds, only one of which is before us.
¶ 10 It is undisputed that Mr. Rosalez did not expressly identify ER 403 as a basis for his motion to suppress the breath test evidence. ER 103(a) provides that error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, where the ruling is one admitting evidence, a timely objection or motion to strike is made, stating the specific ground of objection, if the specific ground was not apparent from the context. When grounds for objection to the introduction of evidence are apparent from the circumstances, specific, rule based objections are unnecessary. State v. Black, 109 Wash.2d 336, 340, 745 P.2d 12 (1987).
¶ 11 The State argues that it would not have been apparent that ER 403 was a ground for Mr. Rosalez's motion to suppress. Mr. Rosalez never referred to ER 403 and he did not argue that the breath test was more prejudicial than it was probative. His briefing and legal argument cited other rules of procedure and rules of evidence, and by implication included all rules on which he was relying.
¶ 12 Mr. Rosalez did argue to the district court that the breath test evidence should be suppressed because it was tainted by perjury, that it was gathered through unscientific means in disaccord with the policies and procedures maintained for producing valid breath tests, and that it was unfairly prejudicial to require a defendant to produce evidence of these policy violations to challenge the reliability of breath test evidence already introduced to a jury. Both counsel also argued the import of the Washington Supreme Court decision in City of Fircrest v. Jensen, 158 Wash.2d 384, 143 P.3d 776 (2006), cert. denied, 549 U.S. 1254, 127 S.Ct. 1382, 167 L.Ed.2d 162 (2007) to the district court, a very significant precedent given the arguments they were making about RCW 46.61.506(3) and (4). Fircrest held at pages 398-99 that although RCW 46.61.506(4) makes breath test evidence presumptively admissible on a prima facie showing (stating, in subsection (4)(c) that challenges to reliability "shall not preclude . . . admissibility" but "may be considered by the trier of fact in determining what weight to give to the test result") it does not limit a trial court's discretion to exclude breath test results under the rules of evidence, including under ER 403. Even the State argued to the district court that "under the Supreme Court[']s ruling in City of Hillcrest [sic] v. Jensen[,] unless the court under the rules of evidence finds that a breath test is more prejudicial than it is *222 probative[,] that 46.61.506 governs." CP at 57.
¶ 13 Nonetheless, we agree with the State that this is not enough to have made ER 403 grounds for Mr. Rosalez's objection apparent, given the myriad other legal arguments that he expressly made and asked the district court to consider.

DISPOSITION
¶ 14 For the foregoing reasons, we reverse the superior court's decision in part, on the basis as to which we granted review.
¶ 15 We remand to the superior court for proceedings consistent with this opinion.
WE CONCUR: SWEENEY and BROWN, JJ.