# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DUSTON THOMPSON, | No.  57580-9-II |
| Petitioner, | |
| v. | |
| MASON COUNTY SHERIFF DEPARTMENT, | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — In 2021, Duston Thompson was living in his car.  One day, Thompson was driving away from a friend's house when he ran out of gas.  He left his car partially on the roadway and began a long walk to the nearest gas station.  A towing company was in the process of towing the car when Thompson returned with more fuel.  But the car was towed anyway, and towing and storage fees began to accrue.  Thompson requested an impound hearing.  The district court determined the impoundment was lawful, and the superior court affirmed.

Thompson argues the district court's conclusions of law were not adequately supported by its findings of fact.  Thompson also argues impounding the car was an unconstitutional seizure and the impound fees constitute excessive fines under the federal and state constitutions.

We hold the district court's findings of fact do not support its conclusions of law.  Thus, we reverse and remand to the district court for proceedings consistent with this opinion.  We do not reach Thompson's constitutional issues.

FACTS

I. BACKGROUND

In 2021, Thompson was unemployed and living in his car. On the morning of August 31, Thompson ran out of gas. Thompson pushed his car as far to the side of the road as possible, but he was unable to contact anyone to bring him more fuel due to having poor phone service. Most of the car was off the road, but the car's left tires remained partially on the roadway.

The owner of a nearby house approached, and Thompson explained that he ran out of gas. Thompson described the homeowner as "dismissive" of him. Clerk's Papers (CP) at 102. Thompson then set out on foot for the nearest gas station, 3.5 miles away.

After Thompson left, the homeowner called the Mason County Sheriff's Office and reported Thompson's car as a suspicious vehicle. The homeowner also reported they spoke to Thompson, who said the car was out of gas.

The Sheriff's Office dispatched Deputy Limper to the call. The deputy noted that Thompson's car was "partially in the roadway" and about 25 feet from an intersection. CP at 63. The deputy pulled Thompson's information by running his car's vehicle identification number and called his phone number, but she was unable to reach him. The deputy then arranged for a towing company to tow the car. A tow record completed by the deputy cited three potential statutes as authority for the tow, including RCW 46.55.113, which relates to law enforcement's ability to authorize towing vehicles. A tow truck arrived and began the process of towing and impounding the car.

Soon, Thompson returned from his long walk with more fuel for his car and saw the tow truck. He told those at the scene that he now had gas and was able to drive his car away, but he

was unsuccessful in stopping the impoundment. Thompson contends the deputy told him that if he had returned 10 minutes earlier, he would have been able to drive his car away. But instead, Thomson's car was impounded.

Because Thompson lived in his car, he found himself without housing and unable to pay the towing and storage fees. Each day his car remained impounded, more fees accrued. Thompson requested a hearing at the district court to challenge the validity of the impoundment, which was set over three weeks after the impoundment. Thompson's vehicle remained impounded until the hearing and was scheduled to be auctioned the next day.

II. DISTRICT COURT PROCEEDINGS

At the hearing before the district court, Thompson argued that because he was living in his car, his homestead rights prevented the assessment of fees to retrieve his car. Thompson also asserted that the impoundment was illegal.

Deputy Limper testified at the hearing. She reiterated that she called for a tow "[d]ue to the vehicle being in the roadway and approximately 25 feet from an intersection" and being abandoned. Verbatim Rep. of Proc. (VRP) at 8. The deputy also confirmed that the call notes included the nearby homeowner's report that Thompson explained he ran out of gas.

The district court upheld the validity of the impoundment. The district court's findings of fact were on a preprinted form with checkboxes for different optional findings. Thompson's form order included a checkmark in the box indicating that the car "was impeding or likely to impede the normal flow of vehicular or pedestrian traffic." CP at 50. The form also included hand-written additions that the car had "wheels on [the] roadway, near stop sign" and "Deputy did not have any reason to believe [the] car was used as a home; car appeared abandoned based on known

information." CP at 50-51. A different box indicating the optional finding of "posing an immediate danger to public safety" was not checked by the district court. CP at 50. The district court additionally found that Thompson accrued $240 for the towing charge and $1,525 in storage charges.

The district court's conclusions of law included that the "subject impound," "towing charges," and "storage charges" were all proper. CP at 51. The district court concluded Thompson owed a civil penalty of $1,765 and entered judgment against Thompson. The district court did not indicate which statute it relied on to justify the impoundment.

The same day, Thompson filed a RALJ appeal to the superior court.[1] As a result, the district court stayed its order, thereby preventing any forced sale of Thompson's car during the pendency of Thompson's appeal.

III.  RALJ APPEAL TO SUPERIOR COURT

At the superior court, Thompson filed an ex parte motion for relief requesting his car, as his homestead, be returned to him. The superior court heard the matter on September 30 and, one week later, ordered the towing company to release the car to Thompson as his homestead.

Notwithstanding the return of the car, the superior court held a hearing on the validity of the impoundment. Thompson first contended that the district court's findings of fact were insufficient because the applicable provision, RCW 46.55.113(2)(b), permits an impoundment only when the car " 'constitutes an obstruction to traffic or jeopardizes public safety.' " CP at 128 (quoting, RCW 46.55.113(2)(b)). Because the district court's findings of fact only included a

---

[1] RALJ 9.1 ("Rules for Appeal of Decisions of Courts of Limited Jurisdiction").

checked box that the car "impeded or was likely to impede traffic," (and did not use the word "obstruction") and because the box regarding "public safety" was not checked, Thompson contended the findings were insufficient under the statute to authorize the impoundment. CP at 128.

Thompson next argued that the district court erred by failing to make a determination that Thompson's car was his homestead. He further argued that the towing and storage fees were excessive fines under article I, section 14 of the Washington Constitution and the Eighth Amendment of the United States Constitution. Finally, Thompson contended in his reply brief that the impoundment violated article I, section 7 of the Washington Constitution and the Fourth Amendment of the United States Constitution because it was an unreasonable seizure.

The superior court affirmed the district court. The superior court determined the district court had erroneously labelled conclusions of law as findings of fact. Specifically, the superior court decided that the district court's findings that the car was "impeding or likely to impede" traffic and that the deputy did not have a reason to believe the car was being used as a home should have been conclusions of law. The only remaining finding of fact, according to the superior court, was the handwritten notation that there were wheels on the road and Thompson's car was near a stop sign. But the superior court affirmed the validity of the impoundment, stating,

> This [c]ourt affirms the District Court's ultimate conclusion that the subject impound was proper. Mr. Thompson's vehicle was unattended upon a highway and constituted an obstruction because two of the wheels were on the roadway and was a traffic hazard because it obstructed a public highway within 25 feet of a stop sign/intersection. This court concludes that the District Court's conclusion was proper because, given the circumstances, Law Enforcement was authorized to cause the immediate impoundment of Mr. Thompson's vehicle.

CP at 184. The superior court allowed additional briefing on the issue of whether the impound fees constituted excessive fines. But it did not substantively address Thompson's homestead argument, asserting its October 6 order for the release of Thompson's car sufficiently addressed the issue.

Following the submission of additional briefing, the superior court concluded that the impound fees did not implicate the prohibition on excessive fines. The superior court explained that the charges were valid to reimburse the towing company for its costs.[2] The superior court again affirmed the district court's order.

Thompson timely filed a motion for discretionary review, which was granted by a commissioner of this court.[3]

ANALYSIS

Thompson presents three main arguments. First, he argues the district court's findings of fact were insufficient to conclude that the impoundment of his vehicle was valid. Second, Thompson argues the impoundment was an unconstitutional seizure because there were reasonable alternatives to impounding his car. Third, he argues the impound fees were excessive fines under the state and federal constitutions. We hold the findings of fact did not support the conclusion of a valid tow and reverse and remand for further proceedings consistent with this opinion. We decline to address Thompson's constitutional arguments.

---

[2] The superior court did not further address Thompson's argument that the impoundment was an unlawful seizure, presumably because it was raised for the first time in Thompson's reply brief.

[3] The commissioner granted review of several issues, including whether the impoundment was an unconstitutional seizure under the Washington State and United States Constitutions.

DISTRICT COURT'S FINDINGS OF FACT DO NOT SUPPORT VALID TOW CONCLUSION

Thompson argues that the district court's limited findings of fact are insufficient to support the conclusion that the tow of his car was valid. Thompson argues that the district court's finding that the car "impede[d]" traffic is insufficient to show that the car "constitute[d] an obstruction to traffic or jeopardize[d] public safety" as required under the applicable statute. Br. of Appellant at 34. The Sheriff's Office responds that the finding that the car impeded traffic necessarily incorporates the concept of obstructing traffic, and was therefore sufficient to support the impoundment. We determine the findings of fact do not support the conclusion of law that the tow was valid.

On RALJ appeal, we sit in the same position as the superior court to review the district court's decision.[4] *City of Seattle v. Wiggins*, 23 Wn. App. 2d 401, 406, 515 P.3d 1029 (2022). " 'We review the record before the district court, reviewing factual issues for substantial evidence and legal issues de novo.' " *Id.* at 407 (quoting *State v. Rosalez*, 159 Wn. App. 173, 178, 246 P.3d 219 (2010)). Unchallenged findings of fact are treated as verities on appeal. *Id.*

---

[4] Thompson also argues the superior court erred when it reviewed the record for facts outside the district court's findings of fact to support is conclusions of law. Although our review is limited to the decision of the district court, we agree the superior court relied on facts outside of the district court's findings when it stated, "Mr. Thompson's vehicle was unattended upon a highway and *constituted an obstruction because two of the wheels were on the roadway and was a traffic hazard because it obstructed a public highway within 25 feet of a stop sign/intersection*." CP at 184 (emphasis added). This conclusion suggests the superior court erred by conducting an independent, de novo review of the record that was outside the proper scope of a RALJ appeal. RALJ 9.1(a) ("The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law."); *City of Seattle v. Wiggins*, 23 Wn. App. 2d 401, 406-07, 515 P.3d 1029 (2022) (it is not within the superior court's scope of review in a RALJ appeal to examine the evidence de novo).

Here, the deputy's tow report included three potential statutes for authorizing a tow. The Sheriff's Office concedes that the only applicable statute of the three cited by Deputy Limper which the district court could have used to support the tow was RCW 46.55.113(2)(b).[5] That statute authorizes a police officer to order a tow when a vehicle obstructs traffic or jeopardizes public safety:

> [A] police officer may take custody of a vehicle, at his or her discretion, and provide for its prompt removal to a place of safety under any of the following circumstances:
>
> . . . .
>
> (b) Whenever a police officer finds a vehicle unattended upon a highway where the vehicle *constitutes an obstruction to traffic* or jeopardizes public safety[.]

RCW 46.55.113(2) (emphasis added).

In this case, the district court made limited findings of fact related to whether the requirements of the statute were fulfilled. The only relevant findings of fact were "wheels on [the] roadway" and a checked box on a preprinted form which stated Thompson's car was "impeding

---

[5] RCW 46.55.085 allows towing vehicles that have had a notification sticker on them for at least 24 hours, and RCW 9A.88.140 involves impounding cars when the driver has been involved in various criminal activities. Neither statute is even arguably applicable here.

The Sheriff's Office also argues that the findings of fact support affirming the impoundment based on RCW 46.55.080, a statute not considered by the district court or mentioned in the deputy's tow report, because it contends the district court's judgment can be affirmed on any theory established by the pleadings and supported by proof. However, as noted above, our review of the district court's order is limited to the preexisting findings of fact and conclusions of law, *see Wiggins*, 23 Wn. App. 2d at 406-07, and the Sheriff's Office does not cite any persuasive authority supporting our ability to essentially make new conclusions of law in the context of a RALJ appeal. We, therefore, do not consider this argument. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we will not consider issues that are unsupported by legal authority).

*or likely to impede*" traffic, whether "vehicular or pedestrian."  CP at 50 (emphasis added).  The crux of Thompson's argument is that this language does not fulfill the statute's requirement that there be an obstruction to traffic or that public safety was jeopardized.  We agree.

On its face, the district court's finding of fact fails to satisfy the statute.  "Wheels on [the] roadway," without more, does little to inform about whether an actual obstruction existed.  More importantly, regardless of whether the district court's word "impede" is the equivalent to the statute's word "obstruct," RCW 46.55.113 requires that "[a] vehicle constitutes an obstruction to traffic," not just that an obstruction was *likely*.  The district court's principal finding ("impeding *or likely to impede*" traffic) falls short of finding an actual obstruction necessary to justify towing Thompson's car under the statute.[6]  CP at 50 (emphasis added).

Because the findings of fact do not support that there was an obstruction to traffic or jeopardization to public safety, they do not support that the tow of Thompson's car was valid.  Thus, the district court's conclusion of law determining the tow was proper must be reversed.[7]

CONCLUSION

We hold the district court's findings of fact did not support its conclusions of law validating the tow of Thompson's car.  We reverse and remand for further proceedings consistent with this

---

[6] The other component of the statute, the jeopardization of public safety, is clearly not implicated by the district court's findings.  The district court's preprinted form had an easy checkbox option finding that public safety was in immediate danger, but the district court left the box unchecked.

[7] We recognize the district court's error was largely rooted in its use of a preprinted form which included language inconsistent with the statute.

No. 57580-9-II

opinion. Because the underlying district court order was in error, we do not reach the constitutional

issues raised by Thompson.[8]

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

PRICE, J.

I concur:

VELJACIC, J.

---

[8] The failure of the findings of fact to support the district court's conclusion of law is dispositive. Otherwise, we would agree with the concurrence's analysis that the impoundment violated Thomson's right to be free of unreasonable seizures.

CRUSER, A.C.J. (concurring)—I concur with the Majority's holding. I write separately because I would hold that the impoundment of Thompson's car was an unconstitutional seizure under article I, section 7 of the Washington State Constitution. I agree with Thompson that the deputy did not consider reasonable alternatives to impounding his car prior to having it towed, such as allowing Thompson to drive the car away and thereby remove any obstruction of the roadway.

The impounding of a vehicle is a seizure and implicates article I, section 7 of the Washington Constitution. *City of Seattle v. Long*, 198 Wn.2d 136, 156, 493 P.3d 94 (2021). That section provides, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." CONST. art. I, § 7. We use a two-step analysis to determine whether this provision has been violated. *Long*, 198 Wn.2d at 156. "First, we determine whether the action complained of disturbs one's private affairs." *Id.* "If so, we look to the second inquiry: whether authority of law justifies the intrusion." *Id.* " '[W]arrantless seizures are per se unreasonable, and the State bears the burden of demonstrating that a warrantless seizure falls into a narrow exception to the rule.' " *Id.* (alteration in original) (quoting *State v. Doughty*, 170 Wn.2d 57, 61, 239 P.3d 573 (2010)).

Impounding a car is a seizure. *Id.* But a vehicle may be lawfully impounded in the course of enforcing traffic regulations for which the legislature has expressly authorized impoundment. *Id.* "Reasonableness of a search or seizure is decided in light of the facts of the case, and a police officer must consider reasonable alternatives." *Id.* at 157. Thus, an impoundment is lawful "only if, in the judgment of the impounding officer, it is reasonable under the circumstances *and there are no reasonable alternatives*." *Id.* (emphasis added).

Here, even assuming the tow was authorized under RCW 46.55.113(2)(b), the deputy was required to consider reasonable alternatives to impoundment and did not do so. Unlike in *Long*, where our supreme court held that no reasonable alternative to the tow existed because Long's car was broken down and unable to run,[9] here there was at least one reasonable alternative to impounding the car—letting Thompson gas up his car and drive away. Although the towing company had arrived before Thompson returned with fuel, Thompson was able and available to move the car before the tow was completed. Clearly, once Thompson returned, the deputy had a reasonable alternative to towing Thompson's car away to stop the traffic obstruction. Failure to utilize this alternative was unreasonable and deprived Thompson of his car (and his home). Under *Long*, this failure converted an otherwise permissible impoundment into an unconstitutional seizure.[10]

For the reasons set forth above, I would hold that the impoundment in this case violated article I, section 7 of the Washington Constitution because a reasonable alternative to the tow existed.

CRUSER, A.C.J.

---

[9] *Long*, 198 Wn.2d at 156-57.

[10] To the extent the Sheriff's Office suggested, at oral argument to this court, that once the tow company arrived on scene the Sheriff's Office no longer had the ability to cancel the tow under its contract with the tow company, that private contract issue is not germane to our constitutional analysis.